STATE OF NORTH CAROLINA v. GLORIA ANN BOOKER

No. 7921SC656

(Filed 8 January 1980)

**Searches and Seizures § 8— probable cause for arrest— absence of formal arrest—
search incident to arrest**

>   An officer's warrantless search of a brown leather purse worn by defend-
> ant at her waist was lawful as an incident of defendant's arrest for possession
> of cocaine where the officer had probable cause to arrest defendant based upon
> information from a confidential informant who had proved reliable in the past
> that defendant would be at a certain restaurant selling cocaine out of a brown
> pouch around her waist; the officer approached defendant at the restaurant,
> explained to her the information he had received, and told her he intended to
> search the brown leather purse strapped around her waist; defendant resisted
> and the officer placed her under arrest for delaying an officer; and the officer
> then searched the purse worn by defendant, since the officer's failure formally
> to place defendant under arrest for possession of cocaine before announcing his
> intention to search her did not remove the situation from the search incident
> to arrest exception.

APPEAL by defendant from *Walker (Hal H.), Judge.*
Judgments entered 23 February 1979 in Superior Court, FORSYTH
County. Heard in the Court of Appeals 5 December 1979.

Defendant was charged with possession of marijuana, LSD,
PCP and cocaine, and with resisting arrest. The cases were con-
solidated for trial. Defendant moved to suppress evidence and the
court held a voir dire, at which the following evidence was
presented:

On 6 October 1978 at 4:20 p.m. Officer Minter of the Winston-
Salem police received a call from a confidential informant who
had proved reliable in the past. The informant told him that be-
tween 4:45 and 5:00 that day defendant and another female would
be at the Chicken and Honey Restaurant. They would be driving
a green Vega, license number RB-1713, and defendant would be
selling cocaine out of a brown pouch around her waist.

Officer Minter did not think there was time to get a search
warrant, which usually takes from an hour to an hour and a half,
so he proceeded to the restaurant where he saw a green Vega. He
had known defendant for a year, and he saw her 40 or 50 yards
away, sitting on the hood of a car. She had a brown purse

strapped around her waist. When two other officers had arrived at the scene Minter approached the defendant, told her the information that he had received from the informant, and explained to her that he had a right to search her but that at the scene he would not search anything but the brown leather purse. Defendant yelled and cursed him, saying he wasn't going to search her. He told her he was placing her under arrest for delaying a police officer, and he struggled with her in order to subdue her and put handcuffs on her. He then took the purse and searched it, and he also searched a brown paper bag handed to him by Officer Yokley. The purse was found to contain cocaine, and the paper bag to contain marijuana, PCP, and LSD.

Officer Yokley testified that as defendant got off the hood of the car "she took her foot and shoved a paper bag beneath the left front wheel of the vehicle." It was this bag which he gave to Officer Minter.

The court denied defendant's motion to suppress. Defendant was found guilty on all charges and given active sentences. She appeals.

*Attorney General Edmisten, by Special Deputy Attorney General David S. Crump, for the State.*

*Tanis & Tally, by David R. Tanis, for defendant appellant.*

ARNOLD, Judge.

Defendant argues that the warrantless search of the brown leather purse she wore at her waist was unreasonable. She relies upon *Katz v. United States*, 389 U.S. 347, 357, 19 L.Ed. 2d 576, 585, 88 S.Ct. 507, 514 (1967), where the United States Supreme Court indicated that "searches conducted outside the judicial process, without prior approval by Judge or Magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions." However, among the approved exceptions is that made for searches incident to a lawful arrest, *see Coolidge v. New Hampshire*, 403 U.S. 443, 29 L.Ed. 2d 564, 91 S.Ct. 2022, *reh. denied* 404 U.S. 874, 30 L.Ed. 2d 120, 92 S.Ct. 26 (1971), and we find that this exception applies to justify the search in the instant case.

The sequence of events here is not the usual one which appears in "search incident" cases. Most often, an officer with probable cause to arrest does so, and conducts a contemporaneous search of the arrestee's person and the area within his immediate control. *E.g. State v. Roberts*, 276 N.C. 98, 171 S.E. 2d 440 (1970). Here, however, the officer, with sufficient probable cause to arrest, approached defendant and, without arresting her, explained to her the information he had received and told her that he intended to search her. She resisted, he placed her under arrest for delaying an officer, and he then conducted a search of the pouch she wore at her waist.

In determining whether this search was incident to a lawful arrest, we are aided by the decision in *Peters v. New York*, 392 U.S. 40, 20 L.Ed. 2d 917, 88 S.Ct. 1889 (1968). There the officer, having probable cause to arrest, pursued the defendant, caught him, and patted him down. While the officer never formally announced that defendant was under arrest, the Court referred to the fact that probable cause for the arrest existed before the defendant was seized, and concluded that "the arrest had, for purposes of constitutional justification, already taken place before the search commenced." *Id.* at 67, 20 L.Ed. 2d 937, 88 S.Ct. 1905. Here, as in *Peters*, probable cause to arrest existed before the search commenced, and we do not find that the officer's failure to formally place defendant under arrest for possession of cocaine before announcing his intention to search her removed the situation from the "search incident" exception and made the search unreasonable. *See* C. Whitebread, Constitutional Criminal Procedure 147 (1978) ("When the justification for the stop reaches the threshold level of probable cause to arrest, the . . . jurisprudence of 'search incident to a lawful arrest' governs the nature of a permissible search. . . .").

Defendant's further argument that the arrest was without probable cause has no merit. On very similar facts probable cause has been found to exist. *See State v. Roberts, supra.* Here, sufficient evidence was presented to show the reliability of the informant, and the information which he gave was corroborated by the officer's own observation.

We find no error in the search of the brown paper bag, which was in plain view. *See Coolidge v. New Hampshire, supra.* Nor is

Wilkes v. Bd. of Alcoholic Control

there merit in defendant's further assignment of error. We find that defendant received a fair trial, free from prejudicial error.

No error.

Judges CLARK and ERWIN concur.