STATE OF NORTH CAROLINA v. DANNY ALEXANDER WHITE

No. 8726SC156

(Filed 20 October 1987)

**1. Searches and Seizures § 23— application for warrant—probable cause**

In a prosecution for felonious possession of stolen property, there was a substantial basis for the magistrate's finding of probable cause for a search of defendant's residence where the application and supporting affidavits plainly described and implicated the premises to be searched, the property believed to be located on the premises, and the relationship of that property to a crime; the information supplied by the informant and set forth in the affidavit established that the informant had firsthand knowledge that property stolen from residences in the South Mecklenburg High School area was being stored by defendant at defendant's residence; defendant was using the property for his own use and had been in possession of the stolen property for approximately one and one-half months; eleven days before the application for a search warrant was made, defendant's vehicle was found in the parking lot at South Mecklenburg High School containing stolen property; and the informant had implicated himself as being involved in the various house breakings and larcenies.

**2. Searches and Seizures § 40— possession of stolen property—items not on warrant—illegally seized**

The trial court erred in a prosecution for possession of stolen property by admitting stolen property found in defendant's residence but not listed on the search warrant where the evidence clearly indicated that the officers' discovery of the items listed in the incident reports but not on the warrant was not inadvertent. N.C.G.S. § 15A-253.

**3. Receiving Stolen Goods § 1— possession of stolen property—possession begun on different dates—different counts**

The trial court did not err in a prosecution for possession of stolen property by not reversing judgment on seven of the eight cases in which defendant was found guilty where defendant was found to be in simultaneous possession of various items of stolen property but the State's evidence showed that each residence was burglarized on a separate date and that defendant remained in possession of the property until it was seized by officers. Defendant's possession of the property began on the various dates he stole the property, thus constituting separate offenses.

**4. Receiving Stolen Goods § 5.1— possession of stolen property—evidence sufficient**

The trial court properly denied defendant's motion to dismiss charges of possession of stolen property where an accomplice testified that he and defendant stole the property, the stolen property was recovered from defendant's residence, and defendant testified that he took possession of the property when he should have known that it was stolen.

5. **Criminal Law § 92.4— possession of stolen property—joinder of offenses—proper**

> The trial court did not err in a prosecution for possession of stolen property by granting the State's motion for joinder of the charges for trial where there was a clear transactional connection between the offenses as well as a discernible common scheme or plan. N.C.G.S. § 15A-926.

APPEAL by defendant from *Ferrell, Judge.* Judgments entered 18 September 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 1 September 1987.

Defendant was indicted and tried in Mecklenburg County on eleven counts of felonious possession of stolen property. Two of the charges were dismissed at the close of the State's evidence. On the remaining charges, the jury returned verdicts of guilty to two counts of misdemeanor possession of stolen property (86CRS 4863 and 4888); verdicts of guilty to six counts of felonious possession of stolen property (86CRS4902, 4916, 4924, 53468, 53472, 53473); and a verdict of not guilty in 86CRS4935. From judgments imposing active sentences, defendant appeals.

*Attorney General Lacy Thornburg, by Assistant Attorney General John F. Maddrey, for the State.*

*Grant Smithson, for defendant.*

JOHNSON, Judge.

I

Prior to jury selection the State's motion to join all charges for trial was allowed over defendant's objection. Defendant's motion to suppress as evidence those items seized by law enforcement officers from defendant's residence was denied.

For purposes of this opinion the evidence may be summarized as follows. Additional evidence is set forth with respect to the various issues.

The State's evidence tends to show the following. In case 86 CRS4863 Jeffrey C. Collins testified that on 23 December 1985, his residence at 3378 Heathstead Place, Mecklenburg County was broken into and two large televisions, one portable television, two VCR's, videotapes, several brass items and clothes were stolen.

In case 86CRS53473 Evelyn Grain testified that on 16 October 1985, her residence on 2400 Haverty Road, Mecklenburg County was broken into and one Mitsubishi television, one Sony television, two jewelry boxes, wrestling medals, one alarm clock, a wedding ring and other jewelry were stolen.

In case 86CRS4935 James McSwain testified that his residence at 9419 South Vicksburg Court, Mecklenburg County was broken into on 1 December 1985, and a Seiko travel alarm clock, a diamond ring, two pistols, a 35mm camera and lenses were stolen.

In case 86CRS53468 Carl S. Sawyer, Jr. testified that on 30 October 1985, his residence at 441 Westbury Road, Mecklenburg County was broken into and two 19" portable televisions, a video cassette recorder, tapes, an alarm clock, a camera and jewelry were stolen.

In case 86CRS4902 Christine Alterio testified that on 2 January 1986, her residence at 9328 South Vicksburg Park Court, Mecklenburg County was broken into and a stereo, a 19" television, money, certificates, coins and jewelry were stolen.

In case 86CRS53472 James D. Hoagland testified that on 13 December 1985, his residence at 10912 Carmel Crossing Road, Mecklenburg County was broken into and a microwave oven, a television, golf clubs, coins, and a stereo system with two speakers and headphones were stolen.

In case 86CRS4916 Larry Lindberg testified that on 28 November 1985, his residence at 9920-D Plum Creek Lane, Mecklenburg County was broken into and a large screen television, one VCR, a microwave oven, a pistol, jewelry, silverware, a radio and a JVC 65 watt stereo system were stolen.

In case 86CRS4888 Billy Posey testified that on 4 January 1986, his residence at 2717 New Hamlin Way, Mecklenburg County was broken into and a rifle, a video cassette recorder, a television and jewelry were stolen.

On 4 January 1986, Officers I. L. Pryor, K. W. Grier and G. A. Blackburn of the Mecklenburg County Police Department observed a 1970 lime green Ford station wagon parked in the parking lot at South Mecklenburg High School. The vehicle had a paper license tag with the number ATL-2708. The vehicle con-

tained a cable converter, a rifle and an assortment of other items. Billy Posey who was also in the parking lot at the time identified some of the items as property stolen from his residence.

A check of the license tag number led to Elzy Eugene Neely who testified that in 1985 he owned a 1970 beige Ford station wagon with a license tag number ATL-2708 and that he sold the vehicle to defendant.

On 15 January 1986 Officer D. A. Bailey secured a search warrant for defendant's residence at 512 West Worthington Avenue, Charlotte, North Carolina. Officer Bailey executed the search warrant on 16 January 1986. The only item listed on the search warrant which was found and seized in the defendant's residence was the JVC stereo component set.

In case 86CRS4916 Larry Lindberg testified that the JVC stereo component set seized from defendant's residence was the unit stolen from Lindberg's residence 28 November 1985. In cases 86CRS4863, 4888, 4902, 4924, 53468, 53472, and 53473, several other items of property seized from defendant's residence were identified by the witnesses as property stolen from their respective residences. Andre Mobley also identified the JVC stereo component set and the other items of property as property he and the defendant stole from the various residences and carried to defendant's residence.

Defendant testified in his own behalf and denied breaking into any place or stealing property. Defendant testified that the property was taken to his residence by his nephew Andre Mobley and two other persons; that he accepted the property in pawn; that he should have known the property might have been stolen but that he never inquired. Defendant also testified that he did not know how his 1970 Ford station wagon came to be parked at South Mecklenburg High School; that he thought his car was at a garage for repairs. Defendant further testified that Andre Mobley had keys to the Ford station wagon as well as to defendant's residence.

Defendant's motion to dismiss the nine charges at the close of the evidence was denied.

## II

Defendant first argues that the trial court erred in denying his pretrial motion to suppress as evidence items seized by law enforcement officers at his residence because (1) no probable cause existed for the issuance of the search warrant by which defendant's residence was searched; (2) the law enforcement officers' conduct did not satisfy the good faith reliance standard established by the United States Supreme Court; and (3) defendant argues, that even if the search warrant was valid, the seizure of items of stolen property not listed in the warrant was improper and should have been suppressed.

### A

### PROBABLE CAUSE

[1]  Defendant contends that under both the Fourth and Fourteenth Amendments to the Federal Constitution and the Constitution of North Carolina the information contained in the affidavit was insufficient to create probable cause for the issuance of the search warrant.

The affidavit for the search warrant set forth the following pertinent information:

### APPLICATION FOR SEARCH WARRANT

I, Quintin McMurray, Patrolman Mecklenburg County Police Department, being duly sworn, request that the court issue a warrant to search the place described in this application and to find and seize the property described in this application. There is probable cause to believe that (see Attachment No. 1 for described property to be seized) constitutes evidence of a crime and the identity of a person participating in a crime, breaking, entering and larceny — G.S. 14-52, 72, and is located in the following premises 512 West Worthington Avenue, a white wood frame dwelling duplex with the number 512 in black letters painted on side wall.

The applicant swears to the following facts to establish probable cause for the issuance of a search warrant: See Attachment No. 2.

s/D.A. Bailey, Jr. 207
Signature of Applicant

(Sworn and subscribed to before me)
Date
Signature

In addition to the affidavit included above this applica-
tion is supported by additional affidavits attached, made by
D.A. Bailey and Q. McMurray (MCPD). In addition to the af-
fidavit included above, this application is supported by sworn
testimony, given by D.A. Bailey, Jr. This testimony has been
reduced to writing.

Attachment No. 1 set forth the following:

The confidential informant has first hand knowledge that
the occupant at 512 West Worthington Avenue (Danny Alex-
ander White), that said suspect White has removed serial
number identification from various property including
stereos and VCR's [sic] that have been reported stolen in the
South Mecklenburg High School area. The confidential in-
formant states that suspect White has been in possession of
said stolen property for approximately one and a half months
which is consistent with the time period these breaking and
enterings occurred.

The property to be searched for consists of:

1. One Smith and Wesson .357 Magnum pistol, Blue Steel, 6″.

2. One Harrington and Richardson .38 caliber revolver, spray
painted black — victim: James Doreas McSwain, Jr., case num-
ber: 85-12-01-2353-96M.

3. One JVC stereo component set.

4. One men's black Gucci watch — victim: Larry Douglas Lind-
berg, case number: 85-11-28-0703-79M.

Information concerning the above property was obtained
from a confidential informant who has implicated himself as
being involved in these, and other breaking and enterings in
the area. Information supplied by the confidential informant
has been verified and is known to be true.

s/C.M. Wolf                    s/D.A. Bailey, Jr. MCPD207
Magistrate                     Applicant
1-15-86                        15 Jan. 86

Attachment No. 2 set forth the following:

Information has been received from a confidential source who knows that stolen property taken as a result of B. and E.'s [sic] near South Mecklenburg High School, off Park Road is being stored at the residence of Danny Alexander White, AKA "Danny Boy." The confidential source's information has been checked and found to be reliable. The confidential source has seen the property described in this search warrant in the residence of Danny Alexander White, and also knows that Danny Alexander White is using the stolen property for his (Danny A. White) own use. A 1970 Ford stationwagon, VIN: 0A40F206631 was found in the parking lot of South Mecklenburg High School on January 4, 1986 which belongs to Danny A. White that contain [sic] stolen property consisting of one RCA VCR, an Emerson T.V., and a Japanese rifle, serial number: 877946. The stolen property is listed under case number 86-01-04-2110-19M.

s/C.M. Wolf                    s/D.A. Bailey MCPD 207
Magistrate                     Applicant
1-15-86                        1-15-86

In order to validate the warrant issued, probable cause must be established in the affidavit upon which the warrant rests. *Dumbra v. United States*, 268 U.S. 435, 45 S.Ct. 546, 69 L.Ed. 1032 (1925); *State v. Campbell*, 282 N.C. 125, 191 S.E. 2d 752 (1972).

Probable cause . . . means a reasonable ground to believe that the proposed search will reveal the presence upon the premises to be searched of the objects sought and that those objects will aid in the apprehension or conviction of the offender.

*Campbell*, at 128-29, 191 S.E. 2d at 755 (citing *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971)).

Our Supreme Court has adopted the "totality of the circumstances" test enunciated in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed. 2d 527 (1983), for determining whether probable cause exists for the issuance of a search warrant. *State v. Arrington*, 311 N.C. 633, 319 S.E. 2d 254 (1984).

Under the totality of circumstances test,

> [t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Gates, supra,* 462 U.S. at 238-39, 103 S.Ct. at 2332, 76 L.Ed. 2d at 548.

Under the totality of circumstances test to be applied, we find there to be a substantial basis for the magistrate's finding of probable cause in the case *sub judice.* The application and supporting affidavits plainly described and implicated the premises to be searched, the property believed to be located on the premises, and the relationship of that property to a crime. The information supplied by the informant and set forth in the affidavit establishes that the informant had firsthand knowledge that property stolen from residences in the South Mecklenburg High School area was being stored by defendant at defendant's residence; that defendant is using the property for his own use and has been in possession of the stolen property for approximately one and one-half months. The affidavit also contained information that eleven days before the application for a search warrant was made, defendant's vehicle was found in the parking lot at South Mecklenburg High School containing stolen property consisting of a VCR, T.V. and rifle. Additionally, the applicant states that the informant has implicated himself as being involved in the various house breakings and larcenies.

We believe that the above information set out in the application when considered as a whole, creates a strong inference that the defendant possessed and was continuing to possess stolen property which would be searched for at the residence described in the application.

The reliability of the informant's information is enhanced by the fact that the informant has implicated himself in the various

house breakings and larcenies. In *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed. 2d 723 (1971), the Court held that

> [A]dmissions of crime, like admissions against [one's own] proprietary interests, carry their own indicia of credibility — sufficient at least to support a finding of probable cause to search.

*Id.* at 583, 91 S.Ct. at 2082, 29 L.Ed. 2d at 734.

We hold that the information supplied by the informant and set forth in the application is sufficient to supply a reasonable ground to believe that the proposed search would reveal the presence of the stolen property (described in the application) upon the implicated premises. The trial court properly upheld the magistrate's finding of probable cause to issue the search warrant.

## B

### GOOD FAITH RELIANCE

Next, defendant argues that the law enforcement officers' conduct did not satisfy the "good faith" reliance standard established by the United States Supreme Court in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed. 2d 677 (1984) and later adopted by our Supreme Court in *State v. Welch*, 316 N.C. 578, 342 S.E. 2d 789 (1986).

Having held that the trial court properly upheld the magistrate's finding of probable cause to issue the search warrant, it is not necessary for us to consider whether the officers conducting the search "acted in objectively reasonable reliance on the warrant so as to require the application of the good faith exception to the exclusionary rule . . ." *Arrington*, at 642, 319 S.E. 2d at 260.

## C

### SCOPE OF THE SEARCH

[2] Defendant also contends that the scope of the search warrant was exceeded in that items were seized which were not specified in the warrant.

The property described in the warrant for which defendant's residence would be searched included in its entirety:

(1) One Smith and Wesson .357 Magnum pistol, Blue Steel, 6″.

(2) One Harrington and Richardson .38 caliber revolver, spray painted black — victim: James Doreas McSwain, Jr., case number: 85-12-01-2353-96M.

(3) One JVC stereo component set.

(4) One mens' black Gucci watch — victim: Larry Douglas Lindberg, case number: 85-11-28-0703-79M.

The State argues that the law enforcement officers, being lawfully present at defendant's residence pursuant to the magistrate's search warrant, were entitled to search for the items specified in the warrant and, in the course of that search, seize any other items in "plain view" which were evidence of crime.

To prevent law enforcement officials from engaging in general searches, the fourth amendment to the United States Constitution requires that the warrant particularly describe the items to be searched for and seized. *See Marron v. United States*, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927). N.C.G.S. Sec. 15A-253 provides in part that "[t]he scope of the search may be only such as is authorized by the warrant and is reasonably necessary to discover the items specified therein. . . . If in the course of the search the officer *inadvertently* discovers items not specified in the warrant which are [instrumentalities, fruits, or evidence of crime] . . ., he may also take possession of the items so discovered." (Emphasis added.) This exception to the fourth amendment's warrant requirement is commonly known as the "plain view" doctrine. In addressing the "plain view" exception, the United States Supreme Court held in *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed. 2d 564, *reh'g denied*, 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed. 2d 120 (1971), that law enforcement officers may seize without a warrant the instrumentalities, fruits, or evidence of crime which is in "plain view" if three requirements are met: *First*, the initial intrusion which brings the evidence into plain view must be lawful. *Second*, the discovery of the incriminating evidence must be inadvertent. *Third*, it must be immediately apparent to the police that the items observed constitute evidence of a crime, are contraband, or are otherwise subject to seizure. *Id.* at 465-69, 91 S.Ct. at 2037-40, 29 L.Ed. 2d at 582-85. If all three requirements are not met, the seizure cannot

stand constitutional scrutiny. *Coolidge, supra.* Our Supreme Court applied the three requirements in deciding *State v. Williams,* 315 N.C. 310, 338 S.E. 2d 75 (1986).

The first requirement of the "plain view" doctrine regarding the initial intrusion is met, where in the course of a search pursuant to a warrant authorizing a search for specific items, the police officer discovers other evidence. *Williams,* at 318, 338 S.E. 2d at 80, *citing Coolidge.* The second requirement, that the discovery of the evidence be inadvertent, is met when it is not anticipated that the evidence will be found. The police officer must be without probable cause to believe that the evidence would be discovered. There must be no intent on the part of the police officer to search for and seize the contested items not named in the warrant. *Id.* at 319, 338 S.E. 2d at 81, *citing Coolidge.* The third requirement of "immediately apparent" is met where the police officer has probable cause to associate the property with criminal activity. *Id.* at 319, 338 S.E. 2d at 81, *citing Texas v. Brown,* 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed. 2d 502 (1983).

In the case *sub judice,* the first requirement is met; the initial intrusion was lawful as the police officers were conducting a search pursuant to a valid warrant. The third requirement is also met. Officer Bailey and another officer executing the search warrant testified that the other property was seized only after they determined that the items suspected to be stolen property matched specific items listed on incident reports filed by victims of various house breakings and larcenies.

It is because of the second requirement, that the discovery by inadvertent, that the seizure of the stolen property from defendant's residence, other than the JVC stereo component set, cannot withstand constitutional scrutiny.

On *voir dire* examination Officer Bailey testified that the informant advised him that he and the defendant had broken into several houses in the South Mecklenburg High School area and stolen property therefrom. The informant identified the various homes broken into and described various items of property he and defendant had stolen. He also informed Officer Bailey that the stolen property was stored at defendant's residence and was being used by defendant. Officer Bailey testified at trial that when he went to execute the warrant on 16 January 1986, the of-

ficers carried with them some fifteen Mecklenburg County Police incident reports of reported house breakings and larcenies. The reports were taken for the specific purpose of comparing property listed in the reports with property in defendant's residence. The only item of property seized from defendant's residence listed in the search warrant was item number (3), the JVC stereo component set.

Other items of stolen property seized from defendant's residence matched property listed in the incident reports. These items of stolen property seized from defendant's residence comprised some three pages of inventoried property and were used at trial to prove the State's case in 86CRS4863, 86CRS53473, 86CRS 4935, 86CRS53468, 86CRS4902, 86CRS53472, and 86CRS4888.

The evidence clearly demonstrates that the officers' discovery of the items of stolen property listed in the incident reports was not inadvertent. The officers believed that the stolen property listed on the incident reports would be discovered at defendant's residence. They had more than a mere suspicion that discovery would occur. The officers carried the incident reports with them for the specific purpose of searching for and seizing items found in defendant's residence that comported with items listed in the reports.

For the foregoing reasons, we conclude that the stolen property seized from defendant's residence and not listed in the search warrant was illegally seized and the trial court erred in not suppressing it.

III

[3] By his next Assignment of Error, defendant contends that the trial court committed reversible error by not arresting judgment in seven of the eight cases in which he was found guilty. Defendant argues that at most, he committed one criminal offense of possession because he was discovered to be in simultaneous possession of the various items of stolen property belonging to several different persons. Additionally, defendant contends that he had ineffective assistance of counsel because his trial attorney failed to move for arrest of judgment. We disagree as to both contentions.

Unlike the crime of receiving stolen goods where a *single* act of receiving stolen property is punishable as one crime, possession of stolen property is a continuing offense, beginning at the time of receipt, and ending at the time of divestment. *State v. Davis*, 302 N.C. 370, 275 S.E. 2d 491 (1981); *State v. Andrews*, 52 N.C. App. 26, 277 S.E. 2d 857 (1981), *aff'd*, 306 N.C. 144, 291 S.E. 2d 581, *cert. denied*, 459 U.S. 946, 103 S.Ct. 263, 74 L.Ed. 2d 205 (1982).

The State's evidence showed that of the charges submitted to the jury, each residence was burglarized on a separate date over a three month period of time; that defendant and Andre Mobley were the individuals who broke into these residences and stole the property. The evidence further showed that defendant remained in possession of the property until 16 January 1986 when the officers seized the property from his residence; defendant's possession of the property, under the facts of the case, began on the various dates defendant and Mobley stole the property, thus constituting separate offenses of possessing stolen property. *Accord, State v. White*, 82 N.C. App. 358, 346 S.E. 2d 243 (1986) (where this Court upheld defendant's convictions on five separate counts of possession of stolen property arising from the seizure of such property pursuant to a single search of defendant's automobile). We find no merit to the Assignment of Error. Accordingly, defendant's contention of ineffective assistance of counsel based upon the same Assignment of Error is also overruled.

IV

[4] Defendant contends the trial court erred in denying his motion to dismiss all charges at the close of the State's evidence. We disagree.

It is well settled that when a defendant moves for dismissal in a criminal case, the trial judge must consider the evidence in the light most favorable to the State, take the evidence as true, and give the State the benefit of every reasonable inference to be drawn from the evidence. If there is evidence from which the jury could find that the offense charged had been committed and that defendant committed it, the motion to dismiss is properly denied. *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982).

The evidence in the instant case was sufficient to support defendant's convictions. Andre Mobley testified that he and defend-

ant stole the property and the stolen property was recovered from defendant's residence. Although defendant denied participating in any break-ins, defendant testified that he took possession of the property when he should have known that the property was stolen. We find no merit to this Assignment of Error.

V

[5] By his final Assignment of Error, defendant contends the court erred in granting the State's motion for joinder of the charges for trial.

N.C.G.S. 15A-926 allows for the joinder of two or more offenses

when the offenses, . . . are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan.

When defendant objects to joinder or moves to sever, the trial court must then determine whether the offenses are so separate in time and place and so distinct in circumstances as to render consolidation unjust and prejudicial. *State v. Bracey*, 303 N.C. 112, 277 S.E. 2d 390 (1981). The trial judge's decision to allow a joinder of offenses is discretionary and will not be disturbed except upon a showing of abuse of discretion. *Id.*

There was a clear transactional connection between the offenses, as well as a discernible common scheme or plan that justified the trial court's decision to join the offenses for trial. We find no abuse of discretion.

In summary, we hold that in case number 86CRS4916 (possession of stolen property, to wit: a JVC stereo component set) defendant received a fair trial free from prejudicial error. In the remaining cases defendant is entitled to a new trial because of the admission of evidence illegally seized from defendant's residence.

In view of the fact that the consolidated sentence of ten years imposed in 86CRS4916, 4902 and 4924 was ordered to begin at the expiration of the consolidated sentence imposed in 86CRS 4863 and 4888, the judgment in 86CRS4916 must be vacated and

the cause remanded for formal entry of a new judgment. *State v. Strickland*, 307 N.C. 274, 298 S.E. 2d 645 (1983).

86CRS4916: No error. (Remand for entry of judgment.)

86CRS4888: New trial.

86CRS53468: New trial.

86CRS4902: New trial.

86CRS53472: New trial.

86CRS4863: New trial.

86CRS53473: New trial.

86CRS4924: New trial.

Judges BECTON and PARKER concur.