STATE OF NORTH CAROLINA v. KOLIFA SAPATCH

No. 9118SC926

(Filed 15 December 1992)

1. **Intoxicating Liquor § 88 (NCI4th); Searches and Seizures § 1 (NCI3d)— search of ABC permittee's premises—statutory right—waiver of Fourth Amendment rights by ABC application—inapplicable to closed film canisters**

An officer's right to conduct a warrantless search of an ABC permittee's licensed premises for violations of the ABC laws pursuant to N.C.G.S. § 18B-502, and the permittee's waiver of his Fourth Amendment rights for inspections incident to enforcement of the ABC regulations by his application for an ABC permit, did not extend to searches of closed film canisters observed by the officer on the licensed premises. Therefore, the trial court should have suppressed evidence of cocaine rocks discovered by the officer in the film canisters.

**Am Jur 2d, Searches and Seizures § 97.**

2. **Searches and Seizures § 33 (NCI3d)— search for ABC violations—search of closed canisters—plain view rule inapplicable**

An officer's search of two closed film canisters observed by the officer on an ABC permittee's premises while conducting an administrative search for ABC violations was not justified under the plain view doctrine because it could not have been immediately apparent to the officer that the canisters constituted evidence of a crime.

**Am Jur 2d, Searches and Seizures § 88.**

**Validity of seizure under Fourth Amendment "plain view" doctrine—Supreme Court cases. 75 L. Ed. 2d 1018.**

STATE v. SAPATCH

[108 N.C. App. 321 (1992)]

Appeal by defendant from judgment entered 22 May 1991 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 12 November 1992.

At approximately 2:30 a.m. on 22 December 1990, Officer Kyle Shearer of the High Point Police Department entered Cliff's Variety Store, which is owned by defendant, for the purpose of conducting an ABC check. According to the officer, alcohol consumption should have ceased by 1:30 a.m. and "[t]he table should have been cleared of all alcohol." However, about thirty people remained on the premises and Officer Shearer observed some of them still drinking.

Subsequently, Officer Shearer approached defendant to advise him of the violation of the liquor laws. Defendant was seated behind a counter with an open container of beer sitting on a stool just in front of him. The open beer was still cold. As Officer Shearer reached for the container of beer, he looked down and noticed on the shelf below an open brown paper bag which contained two film canisters. Officer Shearer reached for the canisters but defendant intervened and pushed the canisters back on the counter, saying "No, No, No." The officer pushed defendant aside and opened the film canisters, which contained rocks of cocaine wrapped in cellophane. Officer Shearer thereby arrested defendant for possession of cocaine.

The trial court conducted a *voir dire* hearing on defendant's motion to suppress the evidence obtained from this search. The court denied defendant's motion, however, finding that the film canisters were in plain view and that defendant, as holder of a liquor license, waived his Fourth Amendment rights and consented to administrative searches "to the limited extent of inspections by officers for violations of the state ABC regulations." Pursuant to N.C.G.S. § 15A-979, defendant entered a guilty plea with notice of intent to appeal the court's denial of the suppression motion.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Ronnie E. Rowell, for the State.*

*Stanley Hammer, Assistant Public Defender for the Eighteenth Judicial District, for defendant appellant.*

WALKER, Judge.

[1]   In denying defendant's motion to suppress, the trial court concluded in part:

> 3. The administrative inspection search by the officer was not unreasonable upon the totality of the circumstances here;
>
> 4. The warrantless search by the officer here and the seizure of evidence in plain view from a shelf in the conduct of an administrative search and inspection for violation of the ABC laws did not violate the constitutional rights of the Defendant under the Fourth Amendment of the U.S. Constitution or under any other provision of law, state or federal;
>
> 5. The officer was lawfully upon the premises and the search conducted by the officer and seizure of evidence was not unlawful;
>
> 6. The suppression of the evidence in question is not required by either the U.S. or state constitutions or any other provision of law.

We find these conclusions to be erroneous as a matter of law and therefore reverse the trial court's denial of defendant's motion to suppress.

N.C.G.S. § 18B-502(a) provides that:

> To procure evidence of violations of the ABC law. . . officers of local law-enforcement agencies that have contracted to provide ABC enforcement under G.S. 18B-501(f) shall have authority to investigate the operation of each licensed premises for which an ABC permit has been issued, to make inspections that include viewing the entire premises. . . at any time it reasonably appears that someone is on the premises.

This Court has concluded that by seeking ABC permits, a permittee waives his Fourth Amendment rights as to searches and seizures to the limited extent of inspection by officers incident to enforcement of State ABC regulations. *Elks Lodge v. Board of Alcoholic Control*, 27 N.C.App. 594, 220 S.E.2d 106 (1975), *disc. review denied*, 289 N.C. 296, 222 S.E.2d 696 (1976). In order to insure compliance with ABC regulations, then, it is clear that the law allows officers to conduct warrantless searches and inspections of licensed premises. This rationale has been justified by the fact that liquor is a sensitive,

highly regulated business, such that the businessman who engages in this trade has a reduced expectation of privacy and must accept the restrictions placed upon him in order to reap the profits. *See Almeida-Sanchez v. United States*, 413 U.S. 266, 37 L.Ed.2d 596 (1973). We cannot conclude, however, that the warrantless search conducted in the instant case is excepted from the requirements of the Fourth Amendment on the ground that it was incidental to an administrative search pursuant to N.C.G.S. § 18B-502.

N.C.G.S. § 18B-502 unambiguously provides that a law enforcement officer's ability to conduct a warrantless search is limited to the purpose of procuring violations of the ABC law, and this Court has applied it only "to the limited extent of inspection incident enforcement of State A.B.C. regulations." *Elks Lodge v. Board of Alcoholic Control* at 603, 220 S.E.2d at 112. Our unwillingness to broadly construe this statute and the permissible scope of warrantless searches finds support in the United States Supreme Court decision *New York v. Burger*, 482 U.S. 691, 702-703, 96 L.Ed.2d 601, 614 (1987), in which the Court set forth three criteria that must be satisfied in order to permit a warrantless inspection pursuant to an administrative regulation, even in the context of a pervasively regulated business. The Court stated:

First, there must be a 'substantial' government interest that informs the regulatory scheme pursuant to which the inspection is made.

. . . .

Second, the warrantless inspections must be 'necessary to further [the] regulatory scheme.'

. . . .

Finally, 'the statute's inspection program, in terms of the certainty and regularity of its application, [must] provid[e] a constitutionally adequate substitute for a warrant.'. . . . In other words, the regulatory statute must perform the two basic functions of a warrant: it must advise the owner of the commercial premises that the search is being made pursuant to the law and has a properly defined scope, and it must limit the discretion of the inspecting officers.

Applying the *Burger* standard, we cannot conclude that the warrantless search in the present case was "necessary to further the

STATE v. SAPATCH

[108 N.C. App. 321 (1992)]

regulatory scheme." Film canisters are not component parts of the liquor business, and defendant's possession of them in this case did not give rise to a finding of a probable ABC violation. A search of the containers was not necessary to enforcement of the ABC regulatory scheme and was therefore not authorized by statute. Although defendant, as holder of an ABC permit, waived his Fourth Amendment rights as to searches and seizures by officers incident to enforcement of ABC regulations, we do not extend this waiver to warrantless searches of items unconnected with the ABC regulatory scheme, such as closed film canisters. Despite the fact that film canisters are known to be used for holding illicit substances, they also have legitimate purposes. We are not prepared to hold that an individual has a reduced expectation of privacy in these or other unrelated items, such that they may be subjected to warrantless searches, simply because the individual has submitted to warrantless administrative searches pursuant to N.C.G.S. § 18B-502 by nature of his business. Thus, the trial court erred in finding that this search was not unreasonable and that it did not violate defendant's constitutional rights under the Fourth Amendment.

[2] Furthermore, we decline to find that the search and subsequent seizure in question was justified under the plain view doctrine. In *Coolidge v. New Hampshire*, 403 U.S. 443, 29 L.Ed.2d 564, *reh'g denied*, 404 U.S. 874, 30 L.Ed.2d 120 (1971) the U.S. Supreme Court held that the police may seize without a warrant the instrumentalities or evidence of a crime which is within "plain view" if three requirements are met. First, the initial intrusion which leads to the plain view discovery of the evidence must be lawful. Additionally, the discovery of the evidence must be inadvertent. Third, it must be immediately apparent upon discovery that the items constitute evidence of a crime. *Id. See also State v. Williams*, 315 N.C. 310, 338 S.E.2d 75 (1986). In the instant case, we conclude that the third prong of this test is not satisfied. Officer Shearer inadvertently discovered the closed film containers while conducting an administrative search for ABC violations. Upon discovery of the closed canisters, it could not have been immediately apparent to Officer Shearer that they constituted evidence of a crime, even though the officer may have had personal knowledge of their illegal use in other incidents. Possession of film canisters, without more, is insufficient to give rise to probable cause of a crime. For this reason, we cannot conclude that this search and

seizure was justified under the plain view doctrine, and the trial court erred in concluding to the contrary.

REVERSED.

Judges GREENE and WYNN concur.