STATE v. WISE

[117 N.C. App. 105 (1994)]

STATE OF NORTH CAROLINA v. BRIAN JEROME WISE

No. 9326SC1088

(Filed 15 November 1994)

**Searches and Seizures § 4 (NCI4th)— search of bottle unlaw-
ful—denial of motion to suppress error**

An officer who stopped the speeding vehicle in which defend-
ant was a passenger did not have probable cause to open an
aspirin bottle which defendant handed him and look inside, and
the trial court erred in denying defendant's motion to suppress
rock cocaine found in the bottle, since there was no warrant to
search the bottle; there was no evidence to support any finding
that defendant consented to the search of the bottle; and there
was no evidence to support the trial court's conclusion that the
officer had probable cause to search the bottle.

**Am Jur 2d, Searches and Seizures § 32.**

**Validity, under Federal Constitution, of warrant-
less search of motor vehicle—Supreme Court cases. 89
L. Ed. 2d 939.**

Judge LEWIS dissenting.

Appeal by defendant from denial of Motion to Suppress entered
12 July 1993 in Mecklenburg County Superior Court by Judge Marcus
L. Johnson. Heard in the Court of Appeals 30 August 1994.

*Attorney General Michael F. Easley, by Assistant Attorney
General Claud R. Whitener, III, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender,
Julie Ramseur Lewis, for defendant-appellant.*

GREENE, Judge.

Defendant appeals the trial court's denial of his motion to sup-
press cocaine, after which denial he entered a guilty plea to the
charge of possession of cocaine.

At approximately 11:00 p.m. on 19 March 1993, North Carolina
Highway Patrolman, T.L. Ashby (Ashby), observed a black Ford
Escort traveling north on South Boulevard in Charlotte at approxi-
mately sixty-two miles per hour in the forty-five mile per hour zone.

STATE v. WISE

[117 N.C. App. 105 (1994)]

Ashby testified that the Escort increased its speed when he turned his car around to follow, and then made a sharp turn into a residential neighborhood. Ashby followed the Escort, with his blue light and siren on, and the car stopped on a poorly lit stretch of the residential street.

Ashby approached the Escort with his flashlight in hand, and found the driver sitting with both hands on the wheel. Ashby saw the defendant, who was sitting in the passenger seat and wearing a jacket with a front, middle pocket, grab his midsection "between his stomach and his belt line" with both hands. Once he saw the defendant's movement, Ashby drew his gun and had defendant place his hands on the dashboard. Once the defendant had his hands visible to Ashby, Ashby requested the driver's operating license and the car registration. The driver of the car told Ashby that he did not have a license with him and the car was actually owned by the defendant, and defendant handed Ashby the registration.

Ashby had the driver step out of the car and the two spoke "for a few seconds," during which the defendant remained in the car with his hands on the dashboard. After handcuffing the driver, Ashby patted down the defendant, reaching from the driver's side of the car, and felt "a round cylinder object" in the area where defendant had grabbed, but determined that it was not a weapon. Then Ashby walked the driver to his patrol car, placed him in the front seat, and went back to the Escort, approaching on the driver's side. Ashby asked the defendant several questions, to which the defendant gave answers corroborating the driver, and then Ashby asked "what he had grabbed," which prompted the defendant to reach inside his jacket and hand Ashby a white, non-transparent Bayer Aspirin bottle. Ashby shook the bottle and it "rattled lightly," sounding as if it had "BBs in it." Ashby testified that he was suspicious because a Bayer aspirin bottle normally has cotton in it so the rattle would not sound the same. Ashby then opened the bottle, shined his flashlight in it, and looked inside, seeing what he determined was rock cocaine. Ashby then arrested the defendant for possession of rock cocaine.

The dispositive issue is whether Ashby had probable cause to open the aspirin bottle and look inside.

The defendant first argues that Ashby did not lawfully obtain possession of the aspirin bottle. He next argues that even if Ashby did have lawful possession of the bottle, he had no authority to open the

bottle and search its contents. Because we agree with the defendant's second argument we do not address his first argument.

It does not necessarily follow that all searches of property lawfully seized are constitutional. *United States v. Jacobsen*, 466 U.S. 109, 113, 80 L. Ed. 2d 85, 94 (1984). In this case, because there was no warrant to search the bottle, the search can be sustained only if the defendant consented to the search or if the officer had probable cause to search the bottle. *State v. Booker*, 44 N.C. App. 492, 493, 261 S.E.2d 215, 216, *appeal dismissed*, 299 N.C. 332, 265 S.E.2d 398 (1980); *see also United States v. Ross*, 456 U.S. 798, 824, 72 L. Ed. 2d 572, 593 (1982) (a warrantless, separate search of a container must be supported by probable cause). In this case, there is no evidence to support any finding that the defendant consented to the search of the bottle. Indeed the trial court did not make such a finding. Furthermore, the findings do not support the trial court's conclusion that the officer had probable cause to search the bottle. Probable cause requires a reasonable belief, based on the totality of the circumstances that the proposed search will reveal the objects sought, in the place that is searched. *State v. White*, 87 N.C. App. 311, 317, 361 S.E.2d 301, 305 (1987), *aff'd in part, vacated and rev'd on other grounds, State v. White*, 322 N.C. 770, 370 S.E.2d 390, *cert. denied, White v. North Carolina*, 488 U.S. 958, 102 L. Ed. 2d 387 (1988). The facts in this case support nothing more than a suspicion that the defendant was transporting drugs in the aspirin bottle. The aspirin bottle is a container with a legitimate purpose and entitles the defendant to a reasonable expectation of privacy in it, *see State v. Sapatch*, 108 N.C. App. 321, 325, 423 S.E.2d 510, 513 (1992) (search of closed film canisters prohibited), and the circumstances surrounding this search do not justify invading this right to privacy. We therefore reverse the trial court's denial of the motion to suppress, vacate the judgment and commitment entered on the guilty plea and remand.

Reversed and remanded.

Judge JOHNSON concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

I respectfully dissent. I do not believe that Trooper Ashby needed probable cause to open the bottle and view its contents. After Troop-

er Ashby asked defendant what he had grabbed, defendant did not say anything, but instead pulled the aspirin bottle out of his jacket pocket and handed it to Trooper Ashby. "[W]hen evidence is delivered to a police officer upon request and without compulsion or coercion, the constitutional provisions prohibiting unreasonable search and seizure are not violated." *State v. Small*, 293 N.C. 646, 656, 239 S.E.2d 429, 436 (1977). In this case, there was no evidence that defendant was compelled or coerced into taking the aspirin bottle out of his jacket and giving it to Trooper Ashby. Although Trooper Ashby's question to defendant may not have amounted to a request that defendant hand over the bottle to Trooper Ashby, defendant voluntarily took out the bottle and handed it to Trooper Ashby. I would conclude that in such a case, there has been no unreasonable search and seizure.

Similarly, I do not believe that Trooper Ashby's acts of shaking the bottle and opening it violated the Fourth Amendment. "A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." *United States v. Jacobsen*, 466 U.S. 109, 113, 80 L. Ed. 2d 85, 94 (1984). Whether a person who invokes the protection of the Fourth Amendment may claim a "reasonable expectation of privacy" depends on (1) whether by his conduct the person has "exhibited an actual (subjective) expectation of privacy," and (2) whether that subjective expectation of privacy is "one that society is prepared to recognize as reasonable." *State v. Tarantino*, 83 N.C. App. 473, 478, 350 S.E.2d 864, 866-67 (1986) (quoting *Smith v. Maryland*, 442 U.S. 735, 740, 61 L. Ed. 2d 220, 226-27 (1979)), *aff'd*, 322 N.C. 386, 368 S.E.2d 588 (1988), *cert. denied*, 489 U.S. 1010, 103 L. Ed. 2d 180 (1989). By his conduct of voluntarily handing over the bottle to Trooper Ashby and saying nothing during the encounter, defendant did not exhibit an actual expectation of privacy in the bottle's not being examined by Trooper Ashby. Thus, there was no "search" within the meaning of the Fourth Amendment. Accordingly, I would affirm the trial court's denial of defendant's motion to suppress.

Furthermore, I believe that Trooper Ashby did have probable cause to open the bottle and examine its contents. The pertinent facts and circumstances are these: The car in which defendant was a passenger attempted to evade Trooper Ashby; defendant grabbed at his midsection when Trooper Ashby approached the car; when asked what he grabbed, defendant handed the bottle to Trooper Ashby; Trooper Ashby was aware that such a bottle was a common means of transporting controlled substances; Trooper Ashby noticed that the label of the Bayer Aspirin bottle was partially torn off; and upon shak-

ing the bottle, Trooper Ashby heard a rattling sound, "as though there were BB's in it."

In *State v. Greenwood*, 301 N.C. 705, 273 S.E.2d 438 (1981), our Supreme Court held that the smell of marijuana gave a police officer probable cause to search an automobile for the contraband. I believe that Trooper Ashby's sense of sound, i.e., hearing what sounded like BB's in an aspirin bottle, considered with the other facts and circumstances set out above, provided probable cause to believe that the bottle contained contraband. Accordingly, I would affirm the trial court's denial of defendant's motion to suppress.