STATE OF NORTH CAROLINA v. SHEBRAIL LATREECE KIRB EVANS

No. COA09-361

(Filed 22 December 2009)

**Search and Seizure— probable cause—informant's tip**

The trial court properly denied defendant's motion to suppress crack cocaine seized as the result of a tip from an informant where the court made unchallenged findings about the reliability of the informant in the past, the details of the information provided in this case, and the accuracy of the information provided in this case.

Appeal by defendant from judgment entered 10 September 2008 by Judge Thomas H. Lock in Johnston County Superior Court. Heard in the Court of Appeals 3 November 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Martin T. McCracken, for the State.*

*Mills & Economos, L.L.P., by Larry C. Economos, for defendant-appellant.*

BRYANT, Judge.

Defendant appeals from a judgment entered after defendant pled guilty to felony possession of cocaine. For the reasons stated herein, we affirm.

STATE v. EVANS

[201 N.C. App. 572 (2009)]

## Facts

On 19 October 2007, at approximately 6:30 p.m., Officer Greg Whitley, a narcotics and vice officer with the Smithfield Police Department, received a telephone call from a confidential informant. The informant had previously provided information to Officer Whitley approximately 15 to 20 times over the prior month, which led to six arrests and, at least once, served as the basis for a search warrant. Moreover, Officer Whitley testified that the informant gave valid, credible information as to all matters on which he informed.

On 19 October, the informant provided information about a delivery of cocaine. The informant stated that a white Ford Explorer would be used to deliver the drugs, and that the vehicle was currently parked on Brogden Road in Johnston County with a temporary 30-Day license tag. The vehicle would be driven to the Dollar General Store in Smithfield where the cocaine was to be delivered. The informant stated that a black female named Shebrail Evans would carry the drugs and that she would be the passenger in the Explorer. Ms. Evans would be wearing blue jeans, a black shirt, hoop earrings, and hair styled in a large blonde beehive. The informant believed that the cocaine would be in Ms. Evans' brassiere.

Officer Whitley drove down Brogden Road and verified that a white Ford Explorer with temporary 30-Day license tags was parked on that street.

At 6:50 p.m., the informant called Officer Whitley a second time and informed him that the White Ford Explorer had arrived at the Dollar General and that the driver's name was Michelle Royal. Officer Whitley along with Officers Dave Tyndall, Teresa Quinn, and Jacob Jones went to the Dollar General where they observed a white Ford Explorer in the parking lot occupied by two black females. The officers approached the vehicle and Officer Whitley asked for identification. The driver was Michelle Royal. The passenger, a black woman, wearing blue jeans, a black shirt, and with hair styled in a blonde beehive, was Shabrail Evans.

Officer Whitley informed the women that they were being approached because of information that Ms. Evans was in possession of cocaine, and on that basis, they would be temporarily detained. The officers searched the Ford Explorer and frisked the vehicle's occupants but found no contraband. Officer Whitley then informed both women they would be transported to the police station for a more

thorough search. At the police station, a female officer took Ms. Evans into a bathroom. Once there, Ms. Evans stated, "We don't have to go through all this." She reached into her brassiere and withdrew a plastic bag containing approximately five grams of "crack" cocaine. Ms. Evans was then placed under arrest.

Defendant made a pre-trial motion to suppress all evidence seized incident to the search. In an order entered 25 August 2008, the trial court denied defendant's motion. Defendant entered into a plea agreement with the State. On 10 September 2008, defendant pled guilty to felony possession of cocaine but preserved her right to appeal the denial of her motion to suppress. The trial court entered judgment against defendant and sentenced defendant to a term of three to four months in the custody of the North Carolina Department of Correction. The sentence was suspended and defendant placed on probation for 24 months. Defendant appeals.

On appeal, defendant questions whether the trial court erred in denying her motion to suppress. She argues that the police seized cocaine by warrantless search and seizure in violation of the Constitution of the United States and the Constitution of North Carolina because the information provided by the confidential informant did not establish the probable cause needed to arrest and search defendant. We disagree.

The standard of review when appealing from a trial court's ruling on a motion to suppress is that "the trial court's findings of fact are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting. The trial court's conclusions of law, however, are fully reviewable." *State v. Green*, —— N.C. App. ——, ——, 670 S.E.2d 635, 637, *aff'd per curiam*, —— N.C. ——, —— S.E.2d ——, 2009 N.C. LEXIS 895 (2009) (citation omitted).

"When the justification for the stop reaches the threshold level of probable cause to arrest, the . . . jurisprudence of search incident to a lawful arrest governs the nature of a permissible search . . . ." *See State v. Booker*, 44 N.C. App. 492, 494, 261 S.E.2d 215, 217 (1980) (citing C. Whitebread, Constitutional Criminal Procedure 147 (1978)). "Information from a confidential reliable informant can form the probable cause to justify a search. In utilizing an informant's tip, probable cause is determined using a totality-of-the [sic] circumstances[] analysis which permits a balanced assessment of the relative weights of all the various indicia of reliability (and unreliability) attending an informant's tip." *Green*, —— N.C. App. at ——, 670 S.E.2d

at 637-38, *aff'd*, —— N.C. ——, —— S.E.2d ——, 2009 N.C. LEXIS 895 (2009) (brackets omitted).

> The indicia of reliability may include (1) whether the informant was known or anonymous, (2) the informant's history of reliability, and (3) whether information provided by the informant could be and was independently corroborated by the police. An informant's tip is more reliable if it contains a range of details relating not just to easily obtained facts and conditions existing at the time of the tip, but to future actions of third parties ordinarily not easily predicted.

*State v. Collins*, 160 N.C. App. 310, 315, 585 S.E.2d 481, 485 (2003) (internal citations and quotations omitted).

In *Green*, the New Hanover County Sheriff's Department used a confidential, reliable informant to set up a sting operation to exchange one-half ounce of heroin and one-half ounce of a cutting agent for $1,600.00. *Green*, —— N.C. App. at ——, 670 S.E.2d at 636. The dealer stated that he would begin traveling toward Wilmington, North Carolina thirty minutes after ending the call and that it would take him a while. The informant referred to the dealer as "Junior," described him as a black male in his fifties, and informed the officers that Junior would be driving either an older model Mercedes or a new model SUV, both brown in color, and both having a South Carolina registration. The informant also believed Junior would be driving from Charleston, South Carolina. *Id.* at ——, 670 S.E.2d at 636-37. Given this, the officers estimated an arrival time between 3:30 p.m. and 4:00 p.m. along Highway 17 or Highway 87. At 3:35 p.m., while positioned along Highway 17, a New Hanover County detective observed a brown Dodge Durango SUV registered in South Carolina driven by an older black male. The detective determined that the vehicle was registered to Llyod [sic] Green, Jr., who resided in North Charleston. *Id.* at ——, 670 S.E.2d at 637. Once inside New Hanover County, detectives stopped the SUV, and searched the vehicle interior. Within the center console, detectives found heroin and a cutting agent. After being convicted on charges of trafficking in heroin by transportation and possession, maintaining a vehicle to keep and sell heroin, possession of marijuana, and possession of drug paraphernalia, Green appealed the issue of whether the trial court erred in denying his motion to suppress evidence obtained as a result of the search. *Id.* at ——, 670 S.E.2d at 637. We reasoned that, after balancing the various indicia of reliability and unreliability attendant to the

informant's tip based on the totality of the circumstances, there was sufficient evidence to support the trial court's findings of fact and subsequent conclusion of law determining that probable cause to stop and search the defendant's vehicle existed. *Id.* at ——, 670 S.E.2d at 640.

Here, in its order denying defendant's motion to suppress, the trial court made the following unchallenged findings of fact. On 19 October 2007, the confidential informant called Officer Whitley to inform him of a cocaine delivery that was scheduled to occur that evening. Officer Whitley had received information from this informant on 15 to 20 occasions over the previous month; six of those occasions led to arrests; and at least once, the informant's information served as the basis for a search warrant. Further, Officer Whitley once used the informant to make an undercover drug buy. As to the arrest in the instant case, the informant provided information about the vehicle to be used to deliver the drugs—a white Ford Explorer; as well as the route the vehicle would take and the destination—down Brogden Road headed toward the Dollar General Store in Smithfield; and the exact time the vehicle arrived at its destination—6:45 p.m. The informant provided specific information about the vehicle occupants: that Michelle Royal would be the driver; and the passenger, Shebrail Evans, would be a black woman wearing blue jeans, a black shirt, gold hoop earrings, with a blonde beehive hair style. And, the informant stated that the cocaine was likely located in the passenger's brassiere. All information provided by the informant regarding this subject proved to be accurate.

The trial court concluded that the arrest and search of defendant were valid based on both probable cause and search incident to arrest and denied defendant's motion to suppress. Based on the evidence of record supporting the trial court's findings of fact and conclusions of law, we hold the trial court properly denied defendant's motion to suppress. Accordingly, defendant's assignment of error is overruled.

Affirmed.

Judges WYNN and McGEE concur.