STATE OF NORTH CAROLINA v. ARTHUR WHITE

No. 8626SC171

(Filed 5 August 1986)

1. **Searches and Seizures § 34— observation of stereo equipment in parked automobile—no impermissible search**

   A police officer's observation of stereo equipment in an automobile and his investigation of the driver's license number marked on the equipment was not so sufficiently intrusive as to amount to a constitutionally impermissible search of defendant's automobile where defendant's automobile was parked in a parking lot generally accessible to the public; the stereo and speakers were situated in the rear seat and were within plain sight through a transparent window of the automobile; the driver's license number marked on the speaker was likewise exposed to public view; it was unnecessary for the officer to enter the automobile or otherwise intrude into any protected space in order to see the number; and defendant thus had no reasonable expectation of privacy in the location in which he placed the items.

2. **Searches and Seizures § 11— warrantless search of automobile—after removal to police station—justified**

   The warrantless search of defendant's automobile after it was removed to a police station was justified where an officer's investigation of stereo equipment observed on the back seat of the automobile provided information that the stereo equipment had been stolen; defendant acknowledged ownership of the automobile and claimed its contents; the automobile was apparently capable of being driven; defendant had been informed of the officers' suspicions and could have conceivably contacted someone else to move the automobile or to remove its contents; the stereo equipment was clearly visible from outside the automobile and would have been an inviting target for thieves or vandals while a warrant was being obtained; and the search was conducted within three hours after defendant's arrest and the seizure of the automobile. The right to make a warrantless search and seizure having accrued, it is of no consequence that the search was not conducted at the parking lot.

3. **Criminal Law § 162— disputed value of stolen class ring—no objection at trial —appeal precluded**

   Defendant was precluded from raising on appeal the admissibility of testimony concerning the value of a stolen class ring found in defendant's briefcase or the court's recapitulation of conflicting evidence of the value of the ring where defendant did not object at trial. N. C. Rules of App. Procedure, Rule 10(b)(2).

4. **Criminal Law § 34.2— possession of stolen property—testimony concerning cocaine dealing—admission harmless error**

   There was no prejudice in a prosecution for possession of stolen property from testimony that defendant was involved with cocaine where the State offered uncontradicted evidence that a large quantity of stolen property taken in

five separate break-ins was found in defendant's automobile parked in front of his apartment; defendant acknowledged ownership of the automobile; and defendant claimed the contents were his. There was no reasonable possibility that any different result would have been reached had defendant's objection been sustained.

APPEAL by defendant from *Griffin, Kenneth A., Judge.* Judgments entered 26 September 1985 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 10 June 1986.

Defendant was charged in separate bills of indictment with five counts of felonious possession of stolen property. The cases were consolidated for trial and a jury returned verdicts finding defendant guilty of felonious possession of stolen property in two cases and nonfelonious possession of stolen property in three cases. The two felony convictions were consolidated for judgment and defendant was sentenced to a ten year active prison term. A consecutive two year term of imprisonment was imposed upon the misdemeanor convictions. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Joan H. Byers and Assistant Attorney General John H. Watters, for the State.*

*Goodman, Carr, Nixon & Laughrun, by Theo X. Nixon, for defendant appellant.*

MARTIN, Judge.

The record on appeal lists three assignments of error. Two of the assignments of error are followed by reference to an exception and a page number in the trial transcript, the other assignment of error refers only to page numbers in the transcript. We have searched the record and the verbatim transcript, however, and nowhere therein do any of the exceptions appear except under the purported assignments of error.

Rule 10 of the North Carolina Rules of Appellate Procedure provides, in pertinent part,

(a) FUNCTION IN LIMITING SCOPE OF REVIEW. Except as otherwise provided in this Rule 10, the scope of review on appeal is confined to a consideration of those exceptions set out in the record on appeal or in the verbatim transcript of proceed-

ings, if one is filed pursuant to Rule 9(c)(2), and made the basis of assignments of error in the record on appeal in accordance with this Rule 10. *No exception not so set out may be made the basis of an assignment of error. . . .*

(b) EXCEPTIONS.

(1) *General.* Any exception which was properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal by objection noted or which by rule or law was deemed preserved or taken without any such action, *may be set out in the record on appeal or in the verbatim transcript of proceedings. . . .* Each exception shall be set out *immediately following the record of judicial action to which it is addressed. . . .* (emphasis added).

Exceptions appearing only under purported assignments of error, and not duly noted in the record as required by the rule, are ineffective. *State v. Lampkins,* 283 N.C. 520, 196 S.E. 2d 697 (1973); *Cratch v. Taylor,* 256 N.C. 462, 124 S.E. 2d 124 (1962) (decided under former Rule 21, Supreme Court Rules of Practice). Nevertheless, we exercise the discretion granted us by Rule 2 of the Rules of Appellate Procedure and consider the errors assigned. We find no error sufficiently prejudicial to warrant a new trial.

At trial, the State offered evidence tending to show that during the early morning hours of 19 January 1985, Officer S. A. Sweet and other officers of the Charlotte Police Department conducted a search of an alleged "liquor house" in the 1100 block of Belmont Street in the City of Charlotte. Upon completion of the search and return to their police cars, the officers discovered that the tires on each of the cars had been cut or slashed. The officers "fanned out" in the neighborhood in an attempt to locate the person or persons responsible or to locate persons who might be able to provide information. Officer Sweet proceeded across Belmont Street and into the parking lot of an apartment complex. Using his flashlight, the officer was looking around, underneath and inside the parked automobiles in the event that a suspect was hiding there. In the course of doing so, Officer Sweet shined his light inside a Lincoln automobile and noticed a stereo turntable and some speakers in the back seat. A North Carolina driver's license number was marked on the back of one of the speakers. Using his portable radio, Officer Sweet called police headquarters

to determine to whom the driver's license number had been issued. After a brief investigation, Officer Sweet was informed that the stereo and speakers belonged to Helen Carpenter and had been stolen from her residence during a break-in on 17 January 1985.

Officer Sweet and another officer then knocked on the door of the apartment directly in front of where the Lincoln was parked. Defendant answered the door and, upon inquiry, informed the officers that the Lincoln belonged to him. When asked about the stereo and speakers, he told the officers, "that's my stuff." The officers then placed defendant under arrest, along with another person, John Welch, who emerged from defendant's apartment and claimed that the stereo equipment had been given to him by his grandmother three months previously.

After defendant had been arrested, the Lincoln automobile was towed to the basement of the Law Enforcement Center. Approximately three hours later the automobile was opened and searched. The search revealed the stereo turntable and speakers, as well as a microwave oven, which had been stolen from Helen Carpenter and a briefcase containing numerous items of jewelry, pawn slips, antique coins, papers, and currency. The items included a Duke University class ring which had been stolen during a break-in of John Miller's residence on 10 January 1985, rings stolen during a break-in of Janet Fuller's residence on 2 January 1985, a ring stolen during a break-in of Terry Slezak's residence on 4 January 1985, and rings stolen during a break-in of Janet Copeland's residence on 30 August 1984. Defendant offered no evidence.

Prior to trial, defendant moved to suppress the evidence of the items found in his automobile, contending that the seizure of the automobile and the subsequent search violated his rights under the Fourth Amendment to the United States Constitution. After a hearing conducted before the jury was empaneled, the trial court made findings of fact and concluded that neither the seizure of the automobile nor the subsequent search thereof was constitutionally invalid. Defendant first assigns error to the denial of his motion to suppress.

[1] We must first determine whether Officer Sweet's observation of the stereo equipment, and driver's license number marked

thereon, through the window of defendant's automobile amounted to an unreasonable intrusion into an area in which defendant had a reasonable expectation of privacy. We hold that it did not. "[T]he State's intrusion into a particular area whether in an automobile or elsewhere, cannot result in a Fourth Amendment violation unless the area is one in which there is a 'constitutionally protected reasonable expectation of privacy.'" *New York v. Class*, --- U.S. ---, ---, 89 L.Ed. 2d 81, 89, --- S.Ct. ---, --- (1986) (quoting *Katz v. United States*, 389 U.S. 347, 360, 19 L.Ed. 2d 576, 88 S.Ct. 507 (1967) (Harlan, J., concurring)). In *Katz*, the Court described the safeguards conferred by the Fourth Amendment as protection of "people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection [citation omitted]. But what he seeks to preserve as private, even in an area accessible to the public may be constitutionally protected." *Katz*, 389 U.S. at 351, 19 L.Ed. 2d at 582.

In the present case, defendant's automobile was parked in a parking lot generally accessible to the public. The stereo and speakers were situated in the rear seat and were within the plain sight, through the transparent window of the automobile, of anyone who passed by the exterior of the automobile. Defendant thus had no reasonable expectation of privacy in the location in which he placed the items. The driver's license number marked on the speaker was likewise exposed to public view; it was unnecessary for Officer Sweet to enter the automobile or otherwise intrude into any protected space in order to see the number. We hold that neither the observation of the stereo equipment, nor the investigation of the driver's license number marked thereon, was sufficiently intrusive as to amount to a constitutionally impermissible search of defendant's automobile. *See State v. Boone*, 293 N.C. 702, 239 S.E. 2d 459 (1977); *State v. Baker*, 65 N.C. App. 430, 310 S.E. 2d 101 (1983), *cert. denied*, 312 N.C. 85, 321 S.E. 2d 900 (1984).

[2] After their investigation provided them with the information that the stereo equipment had been stolen from Helen Carpenter, and upon their inquiry, defendant acknowledged ownership of the automobile and claimed the contents, the officers had 1) probable cause to arrest defendant for possession of stolen property, and 2) probable cause to believe that the automobile contained evidence

of criminal conduct, and therefore, probable cause to conduct a search. *See Chambers v. Maroney*, 399 U.S. 42, 26 L.Ed. 2d 419, 90 S.Ct. 1975, *reh'g denied*, 400 U.S. 856, 27 L.Ed. 2d 94, 91 S.Ct. 23 (1970); *State v. Jones*, 295 N.C. 345, 245 S.E. 2d 711 (1978). The officers did not, however, search the car at that time; they elected instead to seize it and tow it to police headquarters. The subsequent search of the automobile, which yielded the other stolen items, cannot therefore be justified as a search incident to defendant's arrest. *Chambers, supra; State v. Allen*, 282 N.C. 503, 194 S.E. 2d 9 (1973). In order to justify the seizure and subsequent warrantless search of the automobile, exigent circumstances must have existed at the time of its seizure. *Chambers, supra; Jones, supra.* "There is no requirement that the warrantless search of a vehicle occur contemporaneously with its lawful seizure." *United States v. Johns*, 469 U.S. ---, ---, 83 L.Ed. 2d 890, 896, 105 S.Ct. --- (1985).

> [W]here probable cause exists to search an automobile and circumstances warrant removing it for a search at some other location, such as the police station, the "exigent circumstances" requirement is satisfied and a warrantless search may be conducted within a reasonable time at the location to which the automobile is removed.

*Jones, supra* at 354, 245 S.E. 2d at 716.

In our view, exigent circumstances existed in the present case which would have justified an immediate warrantless search of defendant's automobile in the parking lot, and which did justify its seizure and removal to the police station. The automobile was apparently capable of being driven; defendant had been informed of the officers' suspicions and could have conceivably contacted someone to move the automobile or remove the stolen items therefrom. The stereo equipment was clearly visible from outside the automobile and was an inviting target for thieves or vandals, that equipment and the other contents of the automobile could have been stolen from it while a warrant was being obtained. The right to make a warrantless search and seizure having accrued, it is of no consequence that the search was not conducted at the parking lot; the officers could search the vehicle at the parking lot or could seize it and search it at police headquarters. *State v. Mitchell*, 300 N.C. 305, 266 S.E. 2d 605 (1980), *cert. denied*, 449

U.S. 1085, 66 L.Ed. 2d 810, 101 S.Ct. 873 (1981). The search, which occurred within three hours after defendant's arrest and the seizure of the automobile, was conducted within a reasonable time. In light of all of the facts of this case, we find no constitutional violation in the seizure of defendant's automobile or the subsequent search which disclosed the other items of stolen property. Defendant's first assignment of error is overruled.

[3] Defendant's second assignment of error is directed to the admission of testimony of the witness John Miller relating to the value of the Duke University class ring stolen from his residence and found in defendant's briefcase. The trial transcript reveals that defendant did not object to any testimony concerning the value of the ring and, therefore, he is precluded from raising the issue on appeal. *State v. Lucas*, 302 N.C. 342, 275 S.E. 2d 433 (1981). Defendant also contends that because the investigating officer's opinion of the value of the ring differed from that of Miller, the trial court impermissibly expressed an opinion when, in its recapitulation of the evidence, it recited the value given by Miller rather than that given by the officer. Defendant did not object to the instruction and has not otherwise established his right to appellate review of it. N.C. R. App. P. 10(b)(2). *See State v. Oliver*, 309 N.C. 326, 307 S.E. 2d 304 (1983). This assignment of error is overruled.

[4] Finally, defendant contends that the trial court erred by permitting the State to offer evidence that he was engaged in criminal activity unrelated to the present charges. During his cross-examination of the detective assigned to investigate the charges, defendant's counsel questioned the officer concerning defendant's business interests. After explaining that his knowledge was based only on what he had heard from other officers, the detective answered that he understood defendant to own a lounge, a convenience store and "a large amount of residence and business in that neighborhood." Not in response to any question the detective volunteered, "The business that I was referring to is not a legitimate business, sir."

On redirect, the prosecutor asked the following question:

Q. Mr. Phelps, you used the term "not a legitimate business" when answering one of Mr. Nixon's questions. What does that relate to?

MR. NIXON: OBJECTION.

THE COURT: OVERRULED.

A. It relates to cocaine, sir.

Defendant neither testified nor offered evidence of his good character in his own behalf. Therefore, evidence of his bad character or specific wrongful conduct was not admissible to impeach him, under G.S. 8C-1, Rule 608(a) or to rebut evidence of his character, pursuant to G.S. 8C-1, Rule 404(a). The evidence elicited by the State was not indicative of motive, opportunity, intent, preparation, plan, or any of the other purposes for which evidence of other criminal acts is rendered admissible by G.S. 8C-1, Rule 404(b). We reject, as well, the State's contention that defendant had somehow "opened the door" to this testimony by his cross-examination of the detective or by failing to move that the unresponsive statement be stricken. The admission of the evidence suggesting that defendant was involved with cocaine was error.

Not every error in the admission of evidence, however, entitles a defendant to a new trial. *State v. Galloway*, 304 N.C. 485, 284 S.E. 2d 509 (1981). The defendant has the additional burden of showing that he was prejudiced by the erroneous admission of the evidence, i.e., that there is a reasonable probability that a different result would have been reached had the error not been committed. *State v. Alston*, 307 N.C. 321, 298 S.E. 2d 631 (1983).

In the present case, the State offered uncontradicted evidence that a large quantity of stolen property, taken in five separate break-ins, was found in defendant's automobile parked in front of his apartment. Defendant acknowledged ownership of the automobile and claimed the contents were his. In view of this evidence, we discern no reasonable possibility that any different result would have been reached had defendant's objection been sustained.

No error.

Judges WHICHARD and PHILLIPS concur.