STATE OF NORTH CAROLINA v. CHRISTOPHER MORGAN

No. 924SC725

(Filed 17 August 1993)

1. **Narcotics, Controlled Substances, and Paraphernalia § 144 (NCI4th) — constructive possession of cocaine — sufficiency of evidence**

Evidence was sufficient for a jury to find that defendant had constructive possession of crack cocaine where it tended to show that officers searched an apartment pursuant to a search warrant; defendant was not present at the time of the search; in a bedroom officers found a bag containing items of clothing, a zippered wallet containing over $2,600 and several

STATE v. MORGAN

[111 N.C. App. 662 (1993)]

documents bearing defendant's name, including a warrant for the arrest of defendant upon the charge of possession of cocaine with intent to manufacture, sell, or deliver, dated a week and a half prior to the search; several days before the search defendant had sold cocaine to a confidential informant; during this transaction defendant was seen riding in a vehicle with the informant, getting out of the car and running into the apartment, and then returning quickly to the car; officers found the proceeds of this sale, consisting of marked bills, within the zippered wallet found in the apartment; defendant had a key to the apartment and often used the back bathroom where the cocaine was found to shower and change clothes; defendant was the only one to use the bedroom where officers found the bag and the bathroom where they found the cocaine; and the cocaine did not belong to occupants of the house.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

2. **Evidence and Witnesses § 346 (NCI4th)— evidence showing other offenses—no character evidence—admissibility to show intent, plan, or knowledge**

In a prosecution of defendant for trafficking in cocaine, the trial court did not err in admitting evidence that defendant had sold cocaine to a confidential informant, evidence that law enforcement officers found an arrest warrant bearing defendant's name with a wallet containing a large amount of cash, and testimonial evidence given by a State's witness that he had seen defendant sell drugs, since the evidence was not offered as character evidence but was instead admissible to prove intent, plan, or knowledge, and the evidence was not unfairly prejudicial to defendant. N.C.G.S. § 8C-1, Rules 403, 404(b).

**Am Jur 2d, Evidence § 324.**

**Admissibility, in prosecution for illegal sale of narcotics, of evidence of other sales. 93 ALR2d 1097.**

3. **Evidence and Witnesses § 263 (NCI4th)— evidence of reputation—admission harmless error**

Though the trial court erred in admitting evidence of defendant's reputation in the community as a drug dealer when defendant had not offered character evidence, such evidence was not prejudicial since there was plenty of other evidence

STATE v. MORGAN

[111 N.C. App. 662 (1993)]

from which the jury could have concluded that defendant was a drug dealer and that he had constructive possession of cocaine, and there was no reasonable possibility that the jury would have reached a different result if the evidence of defendant's reputation had been excluded.

**Am Jur 2d, Evidence § 336 et seq.**

Appeal by defendant from judgment entered 3 April 1992 by Judge Gary E. Trawick in Onslow County Superior Court. Heard in the Court of Appeals 26 May 1993.

Defendant was indicted on 28 January 1992, for possession of drug paraphernalia, trafficking in cocaine by manufacturing, maintaining a place to keep controlled substances, conspiracy to traffic in cocaine, trafficking in cocaine by possession and failure to pay excise tax on controlled substances. At the close of the State's evidence, the trial court dismissed the charges of possession of drug paraphernalia, trafficking in cocaine by manufacture, maintaining a place to keep controlled substances, and conspiracy to traffic in cocaine by possession. The jury found defendant guilty of trafficking in cocaine by possession and failure to pay excise tax on controlled substances. From a judgment imposing active sentence, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Newton G. Pritchett, Jr., for the State.*

*Mitchell, Ratliff & Best, by David L. Best, for defendant.*

McCRODDEN, Judge.

[1] Defendant presents three questions for review. First, he argues that there was no evidence that he possessed cocaine and that the trial court, therefore, erred in failing to dismiss the charges of trafficking in cocaine by possession and failure to pay excise tax on a controlled substance.

The long-standing test of the sufficiency of the evidence to withstand a motion to dismiss in a criminal case is whether there is substantial evidence to support a finding of each element of the offense charged and a finding that defendant committed the offense. *State v. Roseman*, 279 N.C. 573, 580, 184 S.E.2d 289, 294 (1971). In ruling on a motion to dismiss, the trial court must consider the evidence in the light most favorable to the State, giving the

STATE v. MORGAN

[111 N.C. App. 662 (1993)]

State the benefit of every reasonable inference to be drawn from that evidence. *State v. Robbins*, 309 N.C. 771, 775, 309 S.E.2d 188, 190 (1983). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *State v. Fletcher*, 301 N.C. 709, 712, 272 S.E.2d 859, 860-61 (1981).

"An accused's possession of narcotics may be actual or constructive." *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). In this case, since defendant was not present when law enforcement officers discovered the cocaine, the State had to rely on the doctrine of constructive possession to prove that the cocaine belonged to defendant. A person has constructive possession of a controlled substance when "he has both the power and intent to control its disposition or use." *Id.* However, if, as here, the defendant does not have exclusive control of the premises in which the controlled substances were found, "there must be evidence of other incriminating circumstances to support constructive possession." *State v. James*, 81 N.C. App. 91, 93, 344 S.E.2d 77, 79 (1986).

At trial, the State's evidence showed that on 2 August 1991, law enforcement officers searched an apartment in Jacksonville, North Carolina, pursuant to a search warrant. Defendant was not present at the apartment when the search was conducted. In the back bedroom of the residence, the officers found a bag containing items of clothing, a zippered wallet containing over $2,600.00 in cash and several documents. Among the documents were a speeding citation issued to the defendant in Maryland, a warrant for the arrest of the defendant upon the charge of possession of cocaine with the intent to manufacture, sell or deliver, dated about a week and a half prior to the search, a release order and bond, each dated the same day as the arrest warrant, and some personal papers also bearing defendant's name. In the back bathroom of the apartment were found more than 100 grams of crack cocaine.

The State's witnesses also testified that several days before the search, the defendant had sold cocaine to a confidential informant who was working with law enforcement officers. During this transaction, the defendant was seen riding in a vehicle with the informant, getting out of the car and running into the apartment, and then returning quickly to the car. Law enforcement officers found the proceeds of this controlled sale, consisting of marked bills, within the zippered wallet found in the apartment. There

STATE v. MORGAN

[111 N.C. App. 662 (1993)]

was testimony to the effect that defendant had a key to the apartment and would often use the back bathroom to shower and change clothes; that defendant kept clothes at the apartment; that defendant was the only one to use the back bedroom, where law enforcement officers found the bag, and the back bathroom where they found the cocaine; that defendant would often go into the back bathroom and come out a short while later; and that the cocaine did not belong to the occupants of the house, but belonged to defendant. We find this to be ample evidence of other incriminating circumstances from which a jury could infer that defendant had constructive possession of the cocaine, and we therefore overrule this assignment of error.

[2] Defendant next assigns error to the trial court's admission of evidence that he had sold cocaine to a confidential informant; evidence that law enforcement officers found the arrest warrant bearing defendant's name with a wallet containing a large amount of cash; and testimonial evidence given by a State's witness that he had seen the defendant sell drugs. Defendant contends that this evidence was inadmissible under Rule 404(b) as character evidence offered to show action in conformity therewith, and, in the alternative, that it was unduly prejudicial under Rule 403.

Rule 404 of the North Carolina Rules of Evidence provides that:

(a) *Character Evidence Generally.*—Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except;

(1) Character of Accused.—Evidence of a pertinent trait of his character *offered by an accused, or by the prosecution to rebut the same.*

. . . .

(b) *Other Crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404 (1992) (emphasis added).

The State argues that the evidence was offered to show a scheme to deal in cocaine and was not unfairly prejudicial to defendant. We agree. In *State v. Rosario*, 93 N.C. App. 627, 379 S.E.2d 434, *disc. review denied*, 325 N.C. 275, 384 S.E.2d 527 (1989), the State introduced evidence that a State's witness had previously sold cocaine for the defendant. As in the case at hand, the defendant in *Rosario* argued that the evidence was inadmissible character evidence. The Court relied on cases decided prior to the enactment of the Rules of Evidence and held that the evidence was admissible under Rule 404(b) to prove intent, plan, or knowledge, because the evidence was probative on those issues.

We believe that *Rosario* is so analogous that it must control our decision on this issue. We find that the evidence in this case was not offered to show action in conformity. The evidence that defendant had been seen selling drugs showed intent or knowledge of the possession. The State offered the evidence of the arrest warrant and the release bond to show that the bag was defendant's, and thereby to show that he had possession of the cocaine. The significant feature of those papers was that they bore defendant's name, not that they represented another arrest for a controlled substance offense. Finally, the evidence of the controlled sale showed an ongoing plan to distribute cocaine. We conclude that the State had legitimate reasons to offer all of this evidence of defendant's prior misdeeds, and that the evidence demonstrated a plan to distribute cocaine and was probative of that issue.

Rule 403 provides that evidence, although relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. N.C. Gen. Stat. § 8C-1, Rule 403 (1992). Whether or not to exclude evidence under this rule is a matter soundly in the discretion of the trial court. *State v. Mason*, 315 N.C. 724, 731, 340 S.E.2d 430, 435 (1986). However, defendant offers no support for his contention that the trial court abused its discretion under Rule 403. Absent a showing of unfair prejudice, we are unable to find any abuse of discretion with respect to this evidence. Thus, we hold that the trial court's admission of the evidence of defendant's prior bad acts was not in error under Rule 404(b) or Rule 403.

[3] Defendant's final argument is that the trial court erred in admitting evidence of defendant's reputation in the community as a drug dealer. In the State's case in chief, three of its witnesses,

Onslow County Deputy Sheriff Anton Fickey, Shawn Franklin, and Derman Murchison, testified that defendant had a reputation in the community as a drug dealer.

Again, Rule 404 prohibits the admission of character evidence for the purpose of showing that a person acted in conformity with that character trait, except that a criminal defendant may offer evidence of a pertinent character trait and the prosecution may offer evidence to rebut such a showing by a defendant. When evidence of that person's character is admissible, character may be shown by testimony as to the reputation of a person. N.C. Gen. Stat. § 8C-1, Rule 405 (1992). However, until a defendant offers such evidence of his character, the State may not introduce evidence of his bad character. *State v. Tessnear*, 265 N.C. 319, 144 S.E.2d 43 (1965). In this case, the State offered evidence as to defendant's reputation before defendant had put on any evidence, before he had "opened the door." Thus the State could not have offered the evidence of defendant's reputation as a drug dealer to rebut any claim of the defendant, and such evidence was clearly inadmissible. The trial court's overruling of defendant's objection to this evidence was in error.

However, defendant must also show that the admission of this evidence prejudiced him. *State v. White*, 82 N.C. App. 358, 365, 346 S.E.2d 243, 248 (1986), *cert. denied*, 323 N.C. 179, 373 S.E.2d 124 (1988). Defendant asserts that he was convicted solely on the basis of this improperly admitted character evidence. After a careful consideration of the record as a whole, we reject this argument. As stated above, there was plenty of evidence, aside from the reputation evidence, from which the jury could have concluded that defendant was a drug dealer and that he had constructive possession of the cocaine. Moreover, given the great weight of the other evidence against defendant, we do not believe that there was a reasonable possibility that the jury would have reached a different result if the evidence of defendant's reputation had been excluded. We find that the defendant was not prejudiced by the introduction of evidence that he had a reputation in the community as a drug dealer. Accordingly, we find that defendant received a fair trial, free of reversible error.

No error.

Judges EAGLES and LEWIS concur.