STATE OF NORTH CAROLINA v. WELDON TAYLOR, Defendant

No. 933SC1190

(Filed 7 February 1995)

1. **Searches and Seizures § 80 (NCI4th)— lawfulness of investigatory stop**

   An officer had a particularized and objective basis to detain defendant pursuant to an investigatory stop where he saw defendant drop some items on the ground as the officer approached defendant in an area known for drug use and sales; the officer knew that defendant had a reputation in the community as a drug dealer; and the officer had unsuccessfully chased defendant on an earlier occasion.

   **Am Jur 2d, Searches and Seizures §§ 51, 78.**

   **Law enforcement officer's authority, under Federal Constitution's Fourth Amendment, to stop and briefly detain, and to conduct limited protective search of or "frisk," for investigative purposes, person suspected of criminal activity—Supreme Court cases. 104 L. Ed. 2d 1046.**

2. **Searches and Seizures § 43 (NCI4th)— items in defendant's mouth—seizure as incident to lawful arrest**

   When an officer determined that items dropped by defendant as the officer approached him were bags of marijuana, the officer lawfully arrested defendant, and individually wrapped pieces of crack cocaine held in defendant's mouth, which the officer ordered defendant to spit out, were lawfully seized as incident to the arrest.

   **Am Jur 2d, Searches and Seizures § 63.**

3. **Evidence and Witnesses § 1242 (NCI4th)— statement to officer—no custodial interrogation—Miranda warnings unnecessary**

   Defendant's statement to an officer after his arrest for drug offenses that he was not robbing or stealing but was "just trying

to make a living" was admissible even though no *Miranda* warnings had been given where the statement was made voluntarily and not in response to any question by an officer.

**Am Jur 2d, Evidence § 749.**

4. **Evidence and Witnesses §§ 294, 302 (NCI4th)— defendant's earlier flight from officer—not inadmissible prior bad act—admissibility to show identity**

An officer's testimony that a defendant charged with drug offenses had fled from him on an earlier occasion was not evidence of other crimes, wrongs or acts within the purview of N.C.G.S. § 8C-1, Rule 404(b). Even if defendant's flight from the officer was a prior bad act under Rule 404(b), this testimony was admissible to show that the officer was able to identify defendant.

**Am Jur 2d, Evidence §§ 404 et seq., 452 et seq.**

**Admissibility, under Rule 404(b) of Federal Rules of Evidence, of evidence of other crimes, wrongs, or acts not similar to offense charged. 41 ALR Fed. 497.**

5. **Evidence and Witnesses § 263 (NCI4th)— defendant's reputation as drug dealer—admission harmless error**

The trial court erred by admitting testimony that a defendant on trial for possession of marijuana and cocaine with the intent to sell and deliver had a reputation in the community as a drug dealer when defendant had not offered character evidence, but this error was not prejudicial where defendant's guilt of the offenses charged could be found from his own testimony that he owned the bags of marijuana that he dropped on the ground and individually wrapped pieces of crack cocaine that he spit out of his mouth, and that although had sold drugs before, he didn't know whether he was going to sell the drugs seized from his possession or use them himself.

**Am Jur 2d, Evidence §§ 365 et seq.**

6. **Evidence and Witnesses § 183 (NCI4th)— defendant's prearrest statements to officer—relevancy to show intent**

Statements made by defendant to an officer prior to his arrest on the current drug charges that he was just a businessman who should be left alone and that officers "should concentrate on those drug dealers who ripped people off and shoot people" were

STATE v. TAYLOR

[117 N.C. App. 644 (1995)]

relevant on the issue of defendant's intent to sell and deliver drugs, and the trial court did not err by finding that the probative value of those statements outweighed any danger of unfair prejudice.

**Am Jur 2d, Evidence §§ 556 et seq.**

7. **Narcotics, Controlled Substances, and Paraphernalia § 114 (NCI4th)— possession of drugs—intent to sell and deliver—sufficient evidence**

The evidence was sufficient to permit the jury to find that defendant possessed marijuana and cocaine with the intent to sell and deliver, even though an officer admitted that he could not determine from the packaging whether defendant had packaged the drugs for sale or had recently purchased them, where the evidence tended to show that defendant dropped two "dime bags" of marijuana when officers approached him and had two or three individually wrapped pieces of crack cocaine in his mouth; defendant admitted on cross-examination that he had sold drugs before and had not decided at the time of his arrest whether he was going to sell the drugs in his possession or use them himself; and although defendant had been unemployed for six years, he possessed $261 in cash when arrested.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

8. **Criminal Law § 546 (NCI4th)— prosecutor's remarks about appointed counsel—denial of mistrial**

The trial court did not abuse its discretion in denying defendant's motion for a mistrial when the prosecutor stated during his closing argument that defendant's attorney did not pick this client and had no choice but to represent defendant because he was appointed by the court to do so where the trial court gave a curative instruction immediately after the prosecutor made these remarks.

**Am Jur 2d, Trial § 685.**

**Supreme Court's views as to what courtroom statements made by prosecuting attorney during criminal trial violate due process or constitute denial of fair trial. 40 L. Ed. 2d 886.**

Appeal by defendant from judgment entered 25 August 1993 by Judge Henry L. Stevens, III, in Craven County Superior Court. Heard

STATE v. TAYLOR

[117 N.C. App. 644 (1995)]

in the Court of Appeals 25 October 1994; reconsidered and heard without oral argument per order dated 24 January 1995.

Defendant was convicted of possession with intent to sell and deliver marijuana and possession with intent to sell and deliver cocaine. G.S. 90-95. These offenses were consolidated for judgment; defendant was sentenced to ten years imprisonment.

At trial, the State's evidence tended to show the following: On 24 December 1992, Officer Allan C. Wayman, a police officer with the New Bern Police Department, was patrolling in a marked police car when he saw defendant in Craven Terrace, an area known for drug trafficking, sales and use. Officer Wayman testified that he had previously seen defendant in this area and had unsuccessfully chased him. When defendant saw Officer Wayman's patrol car, defendant turned and left the area. Officer Wayman and his partner drove through Craven Terrace until they spotted defendant on foot near an intersection and stopped their car near him. As Officer Wayman got out of the vehicle and approached defendant, Officer Wayman saw defendant drop some items on the ground. These items were recovered and later determined to be two "dime bags" of marijuana. As Officer Wayman escorted defendant to his patrol car, he noticed that defendant was speaking in an abnormal manner. Suspecting that defendant may have had controlled substances in his mouth, Officer Wayman had him spit out whatever was in his mouth or he would obtain a search warrant. Defendant spit out two or three small bags which Officer Wayman identified as individually wrapped pieces of crack cocaine.

Defendant testified that it was his marijuana that was dropped on the ground. Defendant also admitted that he possessed crack cocaine in his mouth. On cross-examination, defendant stated that he did not deny that the drugs recovered from him at the time of his arrest were his drugs. Defendant also admitted that he had sold drugs before.

From judgment entered and sentence imposed, defendant appeals.

*Attorney General Michael F. Easley, by Associate Attorney General Thomas O. Lawton, III, for the State.*

*Ward, Ward, Willey & Ward, by Joshua W. Willey, Jr., for defendant-appellant.*

EAGLES, Judge.

Defendant brings forward several assignments of error. After careful review of the record and briefs, we find no prejudicial error.

I.

Defendant first contends that the trial court erred in denying defendant's motion to suppress the drugs recovered from him. In a related assignment of error, defendant also contends that the trial court erred in denying defendant's motion to suppress the statements he made to Officer Wayman at the time of his arrest. We disagree and find no error.

Defendant contends that the drugs and his statements should have been suppressed because he was illegally seized by Officer Wayman in violation of the Fourth Amendment. The Fourth Amendment's protection against unreasonable seizures applies to all seizures of the person including the brief detention or investigatory stop at issue here. *United States v. Cortez*, 449 U.S. 411, 66 L.Ed.2d 621 (1981). The Fourth Amendment requires that, considering the totality of the circumstances, detaining officers must have had a particularized and objective basis for suspecting that the person stopped was, or was about to be, engaged in criminal activity. *Id.* at 417, 66 L.Ed.2d at 628-29. Defendant argues that Officer Wayman detained him without an objective and particularized basis for believing he was engaged in criminal activity. Defendant further argues that since his seizure was illegal, the contraband recovered from his person and the statements made to Officer Wayman should have been suppressed under the "fruit of the poisonous tree" doctrine.

Officer Wayman testified on *voir dire* that he had learned when he was working with the narcotics unit of the New Bern Police Department, that defendant had been arrested for possession with intent to sell and deliver cocaine. Officer Wayman also testified that in speaking with residents of the Craven Terrace community, he learned that defendant had a reputation in the community as a drug dealer. Officer Wayman further testified that on one previous occasion, he had unsuccessfully chased defendant near his home. Officer Wayman testified that in this incident, he saw defendant in the Craven Terrace area standing around five or six other people. Craven Terrace was an area known for drug trafficking. As the officers approached in their marked police car, defendant turned around and left the area. The officers momentarily lost sight of defendant but then spotted him

at a nearby intersection. Defendant stopped as the police car approached him. As Officer Wayman got out of the car, defendant began walking toward him. As defendant was moving toward the police car, Officer Wayman saw defendant drop something on the ground. At that time, Officer Wayman approached defendant and brought him over to the patrol car.

[1] Defendant contends that his reputation as a drug dealer, his presence in an area known for drug use and sales, and Officer Wayman's previous encounters with defendant were insufficient to form an objective basis to believe that on this particular occasion defendant was or was about to be engaged in criminal activity. We need not decide here whether these factors standing alone are sufficient to warrant an investigatory stop. Even if we assume, without deciding, that these factors standing alone are insufficient, when Officer Wayman observed defendant drop something on the ground, this additional factor, in view of the totality of the circumstances, provided an objective and particularized basis to justify an investigatory stop.

[2] It is important to note that defendant dropped the marijuana before he was "seized." "[A] person is 'seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained." *United States v. Mendenhall*, 446 U.S. 544, 553, 64 L.Ed.2d 497, 509 (1980). A seizure does not occur if the person does not yield to the show of authority. *California v. Hodari D.*, 499 U.S. 621, 626, 113 L.Ed.2d 690, 697 (1991). Here, when defendant first saw Officer Wayman's marked patrol car, he exercised his freedom to leave. He eluded the officers momentarily, but stopped as the patrol car approached him at a nearby intersection. As defendant walked towards the car, he dropped the marijuana on the ground. At this point, there was not yet any show of authority such that a reasonable person would believe that he was not free to leave. *United States v. Mendenhall*, 446 U.S. 544, 64 L.Ed.2d 497 (1980). Accordingly, defendant was not seized at the time he dropped the marijuana. However, his actions in discarding the marijuana in front of Officer Wayman provided the objective basis for Officer Wayman to detain defendant pursuant to an investigatory stop. Since the marijuana was dropped prior to the seizure, the officers were free to recover it. Once Officer Wayman determined that the item that defendant dropped was marijuana, Officer Wayman arrested defendant. He then noticed that defendant was talking "funny" and ordered him to spit out whatever was in his mouth or he would obtain a search warrant. Defendant spit

out the individually wrapped pieces of crack cocaine. Even if defendant had not voluntarily spit out the cocaine, the cocaine is admissible as a search incident to a legal arrest. *State v. Hardy*, 299 N.C. 445, 455, 263 S.E.2d 711, 718 (1980). Accordingly, Officer Wayman's detention of defendant was not unreasonable and was lawful under the Fourth Amendment. Accordingly, the drug evidence seized was properly admitted.

**[3]** Defendant contends that the statements he made to Officer Wayman should have been suppressed because defendant's detention was unlawful. We have already concluded that his detention was lawful. Defendant also argues that his statements are excludable because they were made before he was advised of his Miranda rights. In fact, after defendant was arrested, defendant told Officer Wayman that he was not robbing or stealing, and that he was "just trying to make a living." Defendant made these statements voluntarily. The statements were not made in response to any question asked by Officer Wayman or any law enforcement officer. "Any statement given freely and voluntarily . . . is of course, admissible in evidence." *Miranda v. Arizona*, 384 U.S. 436, 478, 16 L.Ed.2d 694, 726 (1966). Accordingly, defendant's statements were properly admitted.

II.

**[4]** Defendant further contends that the trial court erred in admitting Officer Wayman's testimony that he had unsuccessfully chased defendant in the past and that defendant had a reputation in the community as a drug dealer. Defendant characterizes Officer Wayman's testimony that he had unsuccessfully chased defendant on an earlier date as testimony of a prior bad act under Rule 404(b) of the North Carolina Rules of Evidence. Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment, or accident.

G.S. 8C-1, Rule 404(b). We are not persuaded that testimony of defendant's flight from Officer Wayman on an earlier occasion, without more, is evidence of other crimes, wrongs, or acts, within the purview of Rule 404(b). But even if we assume that the evidence of defendant's flight from Officer Wayman is a prior bad act under Rule 404(b), it is admissible to show identity. Officer Wayman testified that

STATE v. TAYLOR

[117 N.C. App. 644 (1995)]

he knew defendant personally from previous dealings with defendant in a law enforcement capacity. Officer Wayman testified that on one of these occasions he had unsuccessfully chased defendant. This evidence was admissible to show that Officer Wayman was able to identify defendant. Assuming without deciding that the evidence was prejudicial and not admissible pursuant to Rule 404(b), we conclude that the trial court did not abuse its discretion in admitting the evidence pursuant to Rule 403. The admissibility of this evidence depends on whether its probative value was substantially outweighed by the danger of unfair prejudice. G.S. 8C-1, Rule 403. "Whether to exclude relevant but prejudicial evidence under Rule 403 is a matter left to the sound discretion of the trial court." *State v. Handy*, 331 N.C. 515, 532, 419 S.E.2d 545, 554 (1992). Accordingly, this assignment of error fails.

**[5]** We agree that the trial court erred in admitting Officer Wayman's testimony regarding defendant's reputation as a drug dealer. Rule 404(a) of the North Carolina Rules of Evidence provides that "[e]vidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion . . . ." G.S. 8C-1, Rule 404(a). Character evidence, however, is admissible when offered by the accused and the prosecution may offer evidence to rebut such a showing by defendant. G.S. 8C-1, Rule 404(a)(1). In *State v. Morgan*, 111 N.C. App. 662, 432 S.E.2d 877 (1993), this court held that the trial court erred in admitting evidence of the defendant's reputation in the community as a drug dealer.

> Again, Rule 404 prohibits the admission of character evidence for the purpose of showing that a person acted in conformity with that character trait, except that a criminal defendant may offer evidence of a pertinent character trait and the prosecution may offer evidence to rebut such a showing by a defendant. When evidence of that person's character is admissible, character may be shown by testimony as to the reputation of a person. However, until a defendant offers such evidence of his character, the State may not introduce evidence of his bad character. In this case, the State offered evidence as to defendant's reputation before defendant had put on any evidence, before he had "opened the door." Thus the State could not have offered the evidence of defendant's reputation as a drug dealer to rebut any claim of the defendant, and such evidence was clearly inadmissible.

*Id.* at 668, 432 S.E.2d at 881 (citations omitted).

**STATE v. TAYLOR**

[117 N.C. App. 644 (1995)]

Here, as in *Morgan*, the State introduced evidence of defendant's reputation as a drug dealer before defendant had put on any evidence. Since defendant did not put his character in issue, the trial court erred in admitting this testimony.

Defendant must also show, however, that he was prejudiced by the erroneous admission of this evidence. A defendant is prejudiced "when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached . . . ." G.S. 15A-1443(a). There was ample evidence here other than Officer Wayman's testimony concerning defendant's reputation from which a jury could find that defendant was guilty of the counts charged in the indictment. Most notably, defendant himself testified that he owned the marijuana that he dropped on the ground and that he also owned the cocaine that he spit out of his mouth. On cross-examination, defendant stated that although he had sold drugs before, he didn't know whether he was going to sell the drugs seized from his possession or use them himself. Defendant's testimony alone is enough from which a reasonable juror could conclude that defendant possessed the marijuana and cocaine with the intent to sell and deliver. We conclude that defendant was not prejudiced by the admission of the character evidence against him.

### III.

**[6]** Defendant next contends that the trial court erred in admitting the testimony of Lt. Michael Rice of the Craven County Sheriff's Department. Rice testified that about twenty days before defendant's arrest on the present charges, defendant approached him in his office and started a conversation. Rice testified that defendant told him that he had just been arrested on a drug round-up and had just gotten out of jail. Defendant also told Rice that:

> [H]e [defendant] was just a business man and he wasn't one of those terrorist who came in from out of town and ripped people off or shot people . . . and that he should be left alone and we should concentrate on those drug dealers who ripped people off and shoot people and things like that.

Here again, the admissibility of this evidence depends on whether its probative value is substantially outweighed by the danger of unfair prejudice. G.S. 8C-1, Rule 403. The trial court in its discretion found that Lt. Rice's testimony was relevant and that its probative value substantially outweighed any danger of unfair prejudice. Defendant's

statements were probative on the issue of defendant's intent to sell and deliver drugs. Accordingly, we find no abuse of discretion in the trial court's decision.

IV.

**[7]** Finally, defendant contends that the trial court erred in denying defendant's motion to dismiss for insufficiency of the evidence and in denying defendant's motion for mistrial. We disagree.

> The long-standing test of the sufficiency of the evidence to withstand a motion to dismiss in a criminal case is whether there is substantial evidence to support a finding of each element of the offense charged and a finding that defendant committed the offense. In ruling on a motion to dismiss, the trial court must consider the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from that evidence. Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion.

*State v. Morgan*, 111 N.C. App. 662, 664-65, 432 S.E.2d 877, 879 (1993) (citations omitted). Defendant contends that the small quantities of drugs found in his possession were insufficient to support a finding that he had an intent to sell and deliver drugs. Defendant argues that Officer Wayman admitted on cross-examination that although the drugs were packaged in the manner in which they are commonly sold, he could not determine from the packaging whether defendant had packaged it for sale or had recently purchased it. Defendant admitted on cross-examination that he had sold drugs before and had not decided whether he was going to sell the drugs in his possession before he was arrested. Although he had been unemployed for six years, defendant possessed $261 in cash at the time of his arrest. Viewing all the evidence in the light most favorable to the State, it is clear that a reasonable juror could conclude that defendant had the requisite intent to sell and deliver the drugs in his possession.

**[8]** Defendant's contention that the trial court erred in denying his motion for mistrial is also without merit. During closing arguments, the prosecutor stated that defendant's attorney was a good lawyer but that he "did not pick this case and did not pick this client. He had no choice but to represent [defendant] in this case because he was appointed to do so by the Court." A mistrial should only be granted "when there are improprieties . . . so serious that they substantially

and irreparably prejudice the defendant's case and make it impossible for the defendant to receive a fair and impartial verdict." *State v. Warren*, 327 N.C. 364, 376, 395 S.E.2d 116, 123 (1990). The decision to grant a mistrial is within the sound discretion of the trial court. *State v. Bonney*, 329 N.C. 61, 73, 405 S.E.2d 145, 152 (1991). Here, the trial court gave a curative instruction to the jury immediately after the prosecutor made these inappropriate remarks. We find no abuse of discretion in denying defendant's motion for mistrial.

In sum, we hold that defendant received a fair trial free from prejudicial error.

No error.

Judges WALKER and MARTIN, MARK D., concur.