STATE OF NORTH CAROLINA
v.
LORENZO DEVON PORTIS.
No. COA06-709
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Brian Paxton, for the State.
Sue Genrich Berry for the defendant-appellant.
MARTIN, Chief Judge.
Defendant appeals from a judgment entered upon his conviction by a jury of assault with a deadly weapon inflicting serious bodily injury and discharging a firearm into an occupied dwelling. The State introduced evidence tending to show the following:
Defendant and Gilbert McPherson were coworkers at the Belk Distribution Center. On the morning of 29 October 2004, McPherson drove his car to defendant's home to pick him up for work. When defendant and McPherson arrived at work, they were told that they would not be needed that day. The two spent the remainder of the day together at various locations drinking alcohol and smoking marijuana. That evening, McPherson drove defendant and two other friends, Trevor Branch and Tristan Boone, to the Sleepy Hollow mobile home development so that defendant could make a drug sale. When the group arrived at the address where the drug transaction was to occur, defendant retrieved a bag of marijuana from the trunk, and he and Branch entered the residence. McPherson and Boone remained in the car.
After being inside for approximately five to ten minutes, defendant returned to the car in an agitated state. When he got into the front passenger's seat, he was in possession of a gun that belonged to Boone and that had been stored earlier in the trunk of McPherson's car. As McPherson began to drive away, defendant climbed out onto the window ledge of the car and fired the gun over the roof of the car approximately seven times. McPherson drove the group immediately out of the development to a nearby convenience store. At the convenience store, defendant sold marijuana to an unidentified female. The group then proceeded back to the home of defendant's girlfriend and parked in the driveway. While there, defendant made another marijuana sale to someone in the neighborhood.
One of the shots fired by defendant in Sleepy Hollow entered a residence and struck fourteen-year-old Tiara Simone Johnson in the chest while she was laying on her bed doing her homework. Johnson required extensive medical and surgical treatment for her injuries.
Both defendant and McPherson were charged with inflicting serious injury and discharging a firearm into an occupied dwelling. McPherson pled guilty to the same charges pursuant to a plea agreement with the State. At defendant's trial, McPherson was called as a State's witness and testified that defendant was the one who had fired the gun.
In his first assignment of error, defendant contends the trial court committed reversible error by expressing its opinion during the defense's cross-examination of a State witness. We disagree. The expression of opinion by a trial court regarding the evidence in the presence of the jury is statutorily prohibited under N.C. Gen. Stat. §§ 15A-1222 and -1232. However, "[a] remark by the court is not grounds for a new trial if, when considered in the light of the circumstances under which it was made, it could not have prejudiced defendant's case." State v. King, 311 N.C. 603, 618, 320 S.E.2d 1, 11 (1984) (citing State v. Green, 268 N.C. 690, 693-94, 151 S.E.2d 606, 609 (1966)). The burden rests upon defendant to show that the trial court's remarks were prejudicial. State v. Porter, 340 N.C. 320, 330, 457 S.E.2d 716, 721 (1995)(citing State v. Blackstock, 314 N.C. 232, 333 S.E.2d 245 (1985)).
During defense counsel's cross-examination, Gilbert McPherson testified that he had pled guilty to the same offenses for which defendant was being tried pursuant to a plea agreement with the State. Following this testimony, the trial court made the following statement:
THE COURT: Mr. Vallery [defense counsel], may I interrupt just to explain to the jury, that an individual  in particular Mr. McPherson's case, may be convicted on aiding and abetting theory or acting in concert as opposed to being the substantive individual. So I assume that's what the theory of the state's case was as well as his own attorney. I think they need to differentiate between that. All right. You may proceed.
From the circumstances revealed by the record, it is clear that the trial court's statement was only intended to clarify for the jury the legal theories upon which McPherson might be convicted of the same crimes as defendant. The trial court was merely attempting to forestall any confusion of the jury as to how two individuals could be convicted of crimes requiring the discharge of a firearm where only one gun was fired by a single individual. Any fair reading of the trial court's statement reflects the trial court's intent to satisfy its obligation to clarify the testimony that defense counsel was eliciting from the witness. See State v. Efird, 309 N.C. 802, 808-09, 309 S.E.2d 228, 232 (1983) (holding that "the trial judge has a duty to question a witness in order to clarify the testimony being given [citations omitted] or `to elicit overlooked, pertinent facts'")(quoting State v. Monk, 291 N.C. 37, 50, 229 S.E.2d 163, 171 (1976)). Consequently, this assignment of error is overruled.
Defendant's next assignment of error is that the trial court committed reversible error when it permitted the State to question his two alibi witnesses as to their knowledge of his drug dealing activity. Over defendant's objection, the State was permitted to ask defense witness Linda Graham, "Were you aware that your nephew[defendant] had been dealing drugs?" to which the witness responded "No." The State was also permitted to ask defense witness Lorrie Robinson, "Did you know that [defendant] was a drug dealer in and about Fayetteville?" Ms. Robinson responded that she had knowledge of defendant dealing drugs "off and on." Defendant asserts that this evidence of his bad character was irrelevant and inflammatory and that its erroneous admission requires a new trial.
Because the State concedes in its brief that the admission of this testimony was erroneous, we do not address this question. However, even were we to accept the State's concession of error, defendant still must demonstrate that he was prejudiced by the admission to warrant a new trial. State v. Yancey, 155 N.C. App. 609, 611, 573 S.E.2d 243, 245 (2002). Such prejudice exists "when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached. . . ." N.C. Gen. Stat. § 15A-1443(a).
Assuming without deciding that there was no permissible purpose for the admission of this testimony, we conclude that it could not have prejudiced defendant given other evidence already admitted. The testimony of these two witnesses was preceded by testimony of both McPherson and Boone that defendant was a drug dealer. Moreover, they testified that defendant had gone to the mobile home development on the night in question for the purpose of selling drugs and that shortly after the shooting, defendant was observed selling drugs to two additional individuals. In light of this more detailed and direct evidence of defendant's drug dealing already before the jury, we conclude that defendant has not demonstrated any reasonable possibility that the jury would have reached a different result had the State not elicited the challenged evidence from his alibi witnesses. See State v. Johnson, 337 N.C. 212, 223, 446 S.E.2d 92, 99 (1994)(finding no reversible error in admission of evidence where same evidence had been previously elicited from another witness). Accordingly, defendant's assignment of error is overruled.
No error.
Judges McGEE and HUNTER concur.
Report per Rule 30(e)